919 P.2d 580 (1996)
129 Wash.2d 512
The STATE of Washington, Respondent,
v.
Valdez Keith HENNINGS and Eric Fulton, Appellants.
No. 63418-1.
Supreme Court of Washington, En Banc.
Argued February 1, 1996.
Decided July 18, 1996.
*582 Nielsen & Acosta, by Lindsay Brown; Seattle, Constance M. Krontz of Washington Appellate Defender Association; and David L. Donnan of Washington Appellate Project, Seattle, for appellants.
Norm Maleng, King County Prosecutor, Robin E. Fox, Deborah A. Dwyer, Calvin G. Rapada, Deputies, for respondent.
*581 GUY, Justice.
The Defendants in these consolidated appeals challenge the validity of restitution orders which were entered more than 60 days after sentencing. Defendants argue that a statutory amendment retroactively expanding the time within which restitution orders may be entered either (a) does not apply to their cases, or (b) violates the ex post facto, bill of attainder, double jeopardy and due process provisions of the state and federal constitutions. We affirm the restitution orders entered by the trial courts.

Facts
Background Information. In July 1984, the Court of Appeals held that the following language contained in the restitution statute, RCW 9.94A.140, created a permissive rather than a mandatory time limit: "If restitution *583 is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days." State v. Hartwell, 38 Wash.App. 135, 137, 684 P.2d 778 (1984).[1]
In each of the cases now before the court, the Defendant pleaded guilty to a crime for which restitution was appropriate. Judgment and sentence in Defendant Hennings' case was signed September 9, 1994. The judgment and sentence in Defendant Fulton's case was signed September 16, 1994. Each of the judgments ordered restitution but provided the amount of that restitution would be determined at a future hearing.
Approximately one month after sentencing in these cases, on October 20, 1994, this court overruled Hartwell and held that the 60-day time limit contained in the restitution statute was mandatory, not permissive, and that restitution orders entered beyond the time limit established in the statute were void. State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994).
The orders of restitution in these cases were entered more than 60 days after sentencing. Each of the Defendants appealed the restitution order in his case as being untimely under Krall.
After Defendants filed their opening briefs in the Court of Appeals, the Legislature amended the restitution statute, extending the time for determining the amount of restitution from 60 to 180 days after sentencing. The statute, which went into effect July 23, 1995, is, by its own terms, retroactive.
The facts of the individual Defendants' cases are as follows:
State v. Hennings. On July 1, 1994, Valdez Hennings was charged with theft in the second degree. Defendant Hennings, with two others, was allegedly involved in a credit card "scam" in which credit card numbers and names of others were used to order gift certificates from restaurants in King County more than 30 times, in varying amounts ranging from $100 to $200. The gift certificates were then allegedly redeemed by Defendant Hennings and two other persons. Defendant Hennings entered an Alford plea[2] on August 16, 1994. Defendant's statement on a plea of guilty states, "if this crime resulted in ... loss of property, the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate." Clerk's Papers at 21. As part of his plea agreement, Defendant agreed to pay restitution "in full to the victim(s) on charged counts and uncharged counts." Clerk's Papers at 14. He was sentenced on September 9, 1994. The sentencing order provided that the amount of restitution would be determined at a hearing on October 19, 1994, and that Defendant waived his right to be present at that hearing. The hearing was not held until November 16, 1994 (68 days after sentencing), when an agreed order of restitution was entered. At that time Defendant was ordered to pay $4,410 in restitution.
State v. Fulton. On January 31, 1994, Eric Fulton was charged with forgery and with two counts of second-degree burglary. Defendant Fulton allegedly burglarized several small businesses in Seattle and stole cash and a check, which he wrote to himself, forging the payer's signature. Defendant Fulton entered into a plea agreement in which he agreed to pay restitution in full to the victims on charged and uncharged counts. He was sentenced September 16, 1994. The sentencing order provided that the amount of restitution would be determined at a hearing on November 16, 1994, and that Defendant Fulton waived his presence at the restitution hearing. By November 16, 1994, State v. Krall had been decided, and Defendant Fulton argued at the restitution hearing that the court had no authority to set restitution in his case because November 16 was 61 days after sentencing. The court continued the restitution hearing *584 to December 7, 1994, and on that day ordered restitution in the amount of $7,559.01.
On appeal each Defendant challenges the validity of the order setting restitution in his case. Defendants claim the recent amendment of the statute should not be applied in their cases, arguing the amendment violates state and federal constitutional provisions against ex post facto laws, bills of attainder and double jeopardy and that its application in their cases violates due process. They also claim that the Legislature's apparently inadvertent failure to include RCW 9.94A.142, as well as RCW 9.94A.140, within the language of the amendment's section on retroactivity bars application of the amendment in their cases.
These appeals were consolidated by the Court of Appeals and were certified to this court for review, along with other cases raising additional issues relating to the effects of Krall. We agreed to review all of the certified appeals and scheduled them for argument as companion cases.[3]

Issues
1. Does the Legislature's 1995 amendment to RCW 9.94A.142, extending the time within which restitution orders may be entered, apply retroactively?
2. If the Legislature's 1995 amendment to the restitution statute applies in these cases, does the amendment, by retroactively extending the time within which restitution may be ordered, violate the state or federal constitutional provisions relating to ex post facto laws, bills of attainder, double jeopardy, or due process?

Analysis
The State initially argues that Defendant Hennings waived any error by failing to object to the restitution order and by entering into an agreed order in the case. The question of waiver is the pivotal issue in the companion case, State v. Moen, 129 Wash.2d 535, 919 P.2d 69, and under our holding in Moen Defendant Hennings may raise the issue of timeliness on appeal.
We now turn to the substantive issues involved in this case.
Retroactive Application of the 1995 Amendment to RCW 9.94A.142. The authority to order restitution is purely statutory. State v. Smith, 119 Wash.2d 385, 389, 831 P.2d 1082 (1992). This court has held that the language of this state's restitution statutes indicates a legislative intent to grant broad powers of restitution. State v. Davison, 116 Wash.2d 917, 920, 809 P.2d 1374 (1991). Statutes authorizing restitution must be interpreted broadly to allow restitution, thus carrying out the intent of the Legislature. Davison, 116 Wash.2d at 920, 809 P.2d 1374.
Washington's restitution statute is part of the Sentencing Reform Act of 1981(SRA), RCW 9.94A. As originally enacted, it required the trial court to determine the amount of restitution at the time of sentencing. Laws of 1981, ch. 137, § 14. In 1982, the statute was changed to extend the time for determining restitution to "within 60 days" of sentencing. Laws of 1982, ch. 192, § 5. See Krall, 125 Wash.2d at 149, 881 P.2d 1040.
As noted above, this time period was interpreted in 1984 as being a guideline, not as a mandatory time limit. State v. Hartwell, 38 Wash.App. 135, 684 P.2d 778. Ten years later, when the question was before this court in Krall, we held the time period was mandatory and Hartwell was overruled. See also State v. Duback, 77 Wash.App. 330, 332-33, 891 P.2d 40 (1995) (following Krall, held an order of restitution entered more than 60 days after sentencing is void); State v. Ryan, 78 Wash.App. 758, 762-63, 899 P.2d 825 (order setting restitution more than 60 *585 days after sentencing is void), review denied, 128 Wash.2d 1006, 907 P.2d 296 (1995).
The restitution statutes which are applicable in this case are RCW 9.94A.140, which applies to offenses committed on or before July 1, 1985, and RCW 9.94A.142, which applies to offenses committed after July 1, 1985. For purposes of the discussion herein, the statutes are substantially identical. Both statutory sections were amended during the 1995 legislative session. RCW 9.94A.140 was amended by Laws of 1995, ch. 231, § 1, in pertinent part, as follows:
(1) If restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within ((sixty)) one hundred eighty days. The court may continue the hearing beyond the one hundred eighty days for good cause.

RCW 9.94A.142 was amended by Laws of 1995, ch. 231, § 2, in pertinent part, as follows:
(1) When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within ((sixty)) one hundred eighty days. The court may continue the hearing beyond the one hundred eighty days for good cause.

The crimes charged in these cases were committed after July 1, 1985, and restitution was ordered under RCW 9.94A.142.
The section of the amendatory legislation which purports to make the 1995 amendments to RCW 9.94A.140 and .142 retroactive is § 5. That section has not been codified. It provides:

Sections 1 and 2 of this act shall apply retroactively to allow courts to set restitution in cases sentenced prior to the effective date of this act if:

(1) The court failed to set restitution within sixty days of sentencing as required by RCW 9.94A.140 prior to the effective date of this act;
(2) The defendant was sentenced no more than three hundred sixty-five days before the effective date of this act; and
(3) The defendant is not unfairly prejudiced by the delay.
In those cases, the court may set restitution within one hundred eighty days of the effective date of this act or at a later hearing set by the court for good cause.
Laws of 1995, ch. 231, § 5. (Emphasis added.)
The wording of this section of the amendatory act is awkward and confusing; however, its meaning is not obscure. The statute obviously intends to temper the impact of Krall by giving trial courts the authority to set restitution in certain cases where the trial court, relying on Hartwell, did not timely order restitution. It is clear that retroactive application of the expanded time limit was not to be available in all cases, but only those in which (1) the trial court failed to set restitution within 60 days as required by the SRA; (2) the defendant was sentenced after July 23, 1994 (365 days before the effective date of the amendatory act); and (3) the defendant was not unfairly prejudiced by the delay in setting the amount of restitution. If all three criteria were met, then the trial court was authorized to determine the amount of restitution due, but it must make that determination within 180 days of sentencing, or later if the court finds good cause for continuing the restitution hearing.
While the intent is clear, the Legislature's unfortunate choice of phrasing and its inadvertent omission of a reference to the proper statutory section involved make this statute confusing.
First, Defendants involved in this case do not claim they were unfairly prejudiced by the delay in setting the amounts of restitution. They also concede that they were sentenced no more than 365 days before July 23, 1995, the effective date of the act. Therefore, the criteria of subsections (2) and (3) are met. Defendants argue that the proof required by subsection (1) cannot be met in their cases.
The legislation quoted above states that sections 1 and 2 (the sections amending RCW 9.94A.140 and .142) are to be applied retroactively. However, under subsection (1), in order to apply the amendments retroactively, there must be a determination that the trial court failed to set restitution within *586 60 days of sentencing as required by RCW 9.94A.140. Defendants in the present case were ordered to pay restitution under RCW 9.94A.142; the first statutory factor therefore cannot be met. Defendants' position is that because this first statutory factor cannot be proved, the amendment cannot be applied retroactively in their cases.
Under Defendants' interpretation of the amendatory act, section 2 (the amendment to RCW 9.94A.142) can never be applied retroactively even though the express words of the enactment state that "Sections 1 and 2 of this act shall apply retroactively."
Basic rules of statutory construction permit judicial interpretation of a statute only if it is ambiguous. State v. Grays Harbor County, 98 Wash.2d 606, 607, 656 P.2d 1084 (1983). Where an ambiguity exists, the primary duty of the court in interpreting the statute is to ascertain and give effect to the intent and purpose of the Legislature. That intent may be determined from the language of the act itself or from extrinsic aids, such as legislative history. Grays Harbor County, 98 Wash.2d at 607, 656 P.2d 1084.
The Legislature inadvertently omitted a reference to RCW 9.94A.142 when enacting section 5 of the law. This oversight renders the section inconsistent with its own terms. As a result, the law is ambiguous and judicial interpretation is appropriate.
The legislation extending the time period for entry of a restitution order was an apparent response to Krall. Washington Sentencing Guidelines Comm'n, Implementation Manual II-37 (1995). (The Commission's guidelines for implementing RCW 9.94A.142 state that the extension contained in the amendment "is retroactive to cases where the defendant was sentenced within a year before the effective date (i.e., on or after July 23, 1994) and restitution was not set within 60 days after that sentencing." Implementation Manual, supra, at II-36.) The language of the act itself states that section 2 of the act is retroactive.
The Legislature intended the extensions of time to apply retroactively to restitution orders entered under either RCW 9.94A.140 or .142. Courts are reluctant to add words to a statute but will sometimes do so where it is necessary to carry out legislative intent. See 2A Norman J. Singer, Statutes and Statutory Construction § 47.38, at 265-66 (C. Dallas Sands, 4th ed. 1984):
Although some courts have been hesitant to supply or insert words, the better practice requires that a court enforce the legislative intent or statutory meaning where it is clearly manifested. The inclusion of words necessary to clear expression of the intent or meaning is in aid of the legislative authority. The denial of the power to insert words when the intent or meaning is clear is more of a usurpation of legislative power because the result can be the destruction of the legislative purpose.
In State v. Taylor, 97 Wash.2d 724, 649 P.2d 633 (1982), this court examined the three classes of cases in which we have been asked to insert language into a statute. The first class of cases includes those in which a party argued that the statute represented a legislative omission or mistake but in which the court was able to postulate why the Legislature may have intended the literal meaning of the statute. In such cases, we have refused to add language to the statute. In the second class of cases, the legislative omission created some inconsistencies but did not undermine the purpose of the statute. The statutes in this second class of cases remained rational with the omission, even though there were inconsistencies in the comprehensive scheme. For that reason, we have refused to supply the missing language in this second class of cases. In the third class of cases, the omission created a contradiction in the statute that rendered the statute absurd and undermined its sole purpose. In this third class of cases, we have supplied the missing language in order to effectuate the purpose of the legislation. Taylor, 97 Wash.2d at 729-30, 649 P.2d 633. See also State v. Edwards, 104 Wash.2d 63, 68, 701 P.2d 508 (1985); State v. S.M.H., 76 Wash.App. 550, 557, 887 P.2d 903 (1995); State v. Brasel, 28 Wash.App. 303, 623 P.2d 696 (1981).
This case falls within the third class of cases. Without the insertion of RCW *587 9.94A.142, the statement that "Section[] ... 2 of this act shall apply retroactively" is meaningless. The Legislature intended that section be applied retroactively. However, the omission of RCW 9.94A.142 from section 5(1) of the amending statute makes fulfillment of the legislative purpose impossible, for section 2 cannot be applied retroactively.
We read section 5(1) of the amending act as it was intended to be read. We therefore hold that the Legislature's intent, and our interpretation, is that sections 1 and 2 of this 1995 amendatory act shall apply retroactively to allow courts to set restitution in cases where sentencing occurred prior to the effective date of the act if the other conditions set forth in the section are met.
Constitutional Issues. In considering the constitutional challenges raised by the Defendants, we begin with the presumption that statutes are constitutional. State v. Coria, 120 Wash.2d 156, 163, 839 P.2d 890 (1992); In re C.B., 79 Wash.App. 686, 689, 904 P.2d 1171 (1995). A party challenging the statute has the burden of proving it unconstitutional beyond a reasonable doubt. State v. Ward, 123 Wash.2d 488, 496, 869 P.2d 1062 (1994); State v. Brayman, 110 Wash.2d 183, 193, 751 P.2d 294 (1988).
Defendants first challenge the 1995 amendment on the ground that it violates constitutional prohibitions against ex post facto laws.
The ex post facto clauses of the state and federal constitutions prohibit the state from enacting any law which imposes punishment for an act which was not punishable when committed, or which increases the quantum of punishment for the offense after the crime was committed. U.S. Const. art. I, § 10; Const. art. I, § 23; State v. Ward, 123 Wash.2d at 496, 869 P.2d 1062.
In In re Powell, 117 Wash.2d 175, 185, 814 P.2d 635 (1991), this court held:
A law violates the ex post facto clause if it: (1) is substantive, as opposed to merely procedural; (2) is retrospective (applies to events which occurred before its enactment); and (3) disadvantages the person affected by it. See Weaver v. Graham, [450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)]; Collins v. Youngblood, [497] U.S. [37], 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).
With respect to the first factor, Defendants in these cases recognize that a law setting the time limit within which a restitution order may be entered is procedural. They argue that the 1995 legislative change in this procedure removed "a vested defense," thus affecting a substantive change in the legal consequences of an earlier act. Defendants additionally argue that where the retroactive expansion of an otherwise procedural time limit serves to resurrect an otherwise unavailable punishment and impose it on a criminal defendant, the rule is no longer merely procedural but very much substantive in effect. In essence, Defendants' argument is that the new law impairs their ability to rely on Krall's interpretation of the statute. The Legislature's response to Krall does not change the law from procedural to substantive but rather goes to the third factor set forth in Powell, raising the issue of whether the law "disadvantages" the persons affected by it. The standard with regard to this third factor was clarified in Ward. This court held in Ward that "the sole determination of whether a law is `disadvantageous' is whether the law alters the standard of punishment which existed under prior law." Ward, 123 Wash.2d at 498, 869 P.2d 1062. See also California Dep't of Corrections v. Morales, ___ U.S. ___, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (where the Court refused to hold that the ex post facto clause forbids any legislative change that has any conceivable risk of affecting a prisoner's punishment); Dobbert v. Florida, 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977) (even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto).
Discussing the effect of the Supreme Court's decision in Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), we held:
After Collins, the proper inquiry is not whether the law is a burden, or "disadvantageous" to the defendant, but whether it *588 makes more burdensome the punishment for the crime.
Ward, 123 Wash.2d at 497, 869 P.2d 1062.
Even if we were to hold that the 1995 amendment was a substantive law rather than a procedural one, Defendants would not be able to show that the 1995 amendment makes the quantum of the punishment permitted under the amendment more burdensome than it was before the amendment. There is no increase in the amount of restitution authorized. Instead, the amendment alters the time period in which the amount of restitution allowed at the time of the commission of the offense may be determined. The statute therefore does not constitute an ex post facto law.
Defendants next argue that the retroactive application of the amendment constitutes punishment for a past act, without judicial process, and thus violates the constitutional prohibition against bills of attainder.
Article I, section 23 of the Washington constitution provides, "No bill of attainder... shall ever be passed." Article I, section 10 of the federal constitution provides that "No state shall ... pass any bill of attainder...."
The bill of attainder clause was intended to prohibit trials by the Legislature, and it forbids the imposition of punishment by the Legislature on specific persons. United States v. Brown, 381 U.S. 437, 442, 445, 85 S.Ct. 1707, 1711, 1713, 14 L.Ed.2d 484 (1965). A bill of attainder is a legislative act which applies to named individuals or to easily ascertained members of a group in such a way as to inflict punishment on them without judicial trial. State v. Scheffel, 82 Wash.2d 872, 881, 514 P.2d 1052 (1973) (citing Brown). The prohibitions on bills of attainder prohibit legislatures from singling out disfavored persons and meting out summary punishment for past conduct. Landgraf v. USI Film Prods., 511 U.S. 244, ___, 114 S.Ct. 1483, 1497, 128 L.Ed.2d 229 (1994).
In order for a legislative enactment to be deemed a bill of attainder, it must (1) specify the affected persons, (2) inflict punishment, and (3) lack judicial trial. Selective Serv. Sys. v. Minnesota Pub. Interest Research Group, 468 U.S. 841, 847, 104 S.Ct. 3348, 3352, 82 L.Ed.2d 632 (1984).
That portion of the 1995 law which makes the amendments to the restitution statute retroactive does not constitute a bill of attainder. It does not inflict punishment on defendants. Restitution was already required under the SRA, RCW 9.94A.142. The 1995 amendment to that statute affects the time of the hearing but does not inflict punishment. It also does not permit the imposition of restitution without judicial trial. Thus, the amendment does not constitute a bill of attainder.
The Defendants next argue that the retroactive application of the extended time period in which to enter the restitution orders in their cases violates constitutional protections against double jeopardy. Defendants argue that they were subject to the obligation of restitution only until 60 days after sentencing, and that the obligation of restitution was legally terminated after that time. Defendants argue that any attempt to reinstitute that obligation subjects them twice to the same punishment.
The double jeopardy clauses of the Fifth Amendment of the federal constitution and article I, section 9 of Washington's constitution are interpreted in the same manner. State v. Gocken, 127 Wash.2d 95, 107, 896 P.2d 1267 (1995). Both provisions protect a defendant against multiple punishments for the same offense imposed in separate proceedings. State v. Calle, 125 Wash.2d 769, 772, 888 P.2d 155 (1995); United States v. Halper, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989).
The restitution provided for under the statute was not increased by the 1995 amendment and did not permit an additional amount of restitution to be meted out for the offenses for which Defendants were convicted. Further, there was no additional criminal proceeding under the 1995 amendment. The application of new time limits did not change the orders entered in these cases and did not subject the Defendants to additional penalties or additional proceedings. Thus, *589 there is no double jeopardy violation as a result of the 1995 amendment.
Defendants also argue that the application of the 1995 amendment to their cases violates due process of law. A retroactive law violates due process if the retroactive application of a statute deprives an individual of a vested right. Caritas Servs., Inc. v. Department of Social & Health Servs., 123 Wash.2d 391, 413, 869 P.2d 28 (1994). A vested right entitled to protection under the due process clause
"must be something more than a mere expectation based upon an anticipated continuance of the existing law; it must have become a title, legal or equitable, to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another."

Caritas, 123 Wash.2d at 414, 869 P.2d 28 (quoting In re Marriage of MacDonald, 104 Wash.2d 745, 750, 709 P.2d 1196 (1985)).
In re Santore, 28 Wash.App. 319, 324, 623 P.2d 702, review denied, 95 Wash.2d 1019 (1981), held that the
proper test of the constitutionality of retroactive legislation is whether a party has changed position in reliance upon the previous law or whether the retroactive law defeats the reasonable expectations of the parties[.]

Conclusion
In the cases before the court, the parties do not demonstrate that they had a vested right to challenge the imposition of the restitution order on the ground that it was untimely entered. They also do not argue that they changed their positions in reliance upon the previous law, as established by Krall. The retroactive application of the statute involved in these cases does not violate the due process rights of Defendants.
Affirmed.
DURHAM, C.J., and DOLLIVER, SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] Hartwell, 38 Wash.App. at 138, 684 P.2d 778, states: "The language of the statute is directory, not mandatory, and a restitution order imposed more than 60 days after sentencing is not void." (Emphasis added.) As noted in this opinion, Hartwell was overruled by State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994).
[2] See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Newton, 87 Wash.2d 363, 552 P.2d 682 (1976).
[3] The companion cases are State v. Moen, 129 Wash.2d 535, 919 P.2d 69 (1996) (determining whether the 60-day time limit for entry of a restitution order is waived by the entry of an uncontested order after the 60-day period has passed), State v. Hunsicker, 129 Wash.2d 554, 919 P.2d 79 (1996) (determining whether the 60-day time limit for entry of a restitution order is waived by a plea bargain), and In re Fleming, 129 Wash.2d 529, 919 P.2d 66 (1996) (determining whether an untimely restitution order can be challenged by means of a personal restraint petition).