980 P.2d 1265 (1999)
138 Wash.2d 638
The STATE of Washington, Appellant,
v.
Karl Alan SHULTZ, Respondent.
No. 67776-0.
Supreme Court of Washington, En Banc.
Argued May 11, 1999.
Decided July 29, 1999.
*1267 John Knodell, Grant County Prosecutor, Ephrata, for Appellant.
C.E. Hormel, Ephrata, for Respondent.
*1266 IRELAND, J.
This certified appeal involves 1994 and 1997 amendments to RCW 9.94A.142, a statute authorizing restitution orders pursuant to a criminal conviction. We hold the 1994 and 1997 amendments apply to Shultz's 1987 restitution order, and they do not violate the ex post facto clauses or due process. We reverse the trial court and remand.

FACTS
On April 21, 1986, Karl Alan Shultz pleaded guilty to 16 counts of arson. Shultz was sentenced on April 7, 1987, and his sentence included a restitution order in the amount of $507,131.62, to be paid out to 20 victims of the arsons. Shultz was released from custody on October 7, 1987. The restitution order contained a specific payment plan, which required Shultz to pay $100 a month, commencing November 1, 1987, to the superior court clerk. The clerk was ordered to disburse the payments on a pro rata basis to the listed victims.
RCW 9.94A.142 authorizes restitution orders for crimes committed after July 1, 1985. The version of RCW 9.94A.142 in effect in 1987 stated the sentencing court's jurisdiction over a restitution order expired ten years after imposition of the sentence. Laws of 1985, ch. 443, § 10. Under this former version of the statute, the court's jurisdiction over Shultz's restitution order would have expired April 7, 1997. In 1994, however, the Legislature amended RCW 9.94A.142 so as to calculate the 10-year window from the date of sentencing or the date of release from total confinement. Laws of 1994, ch. 271, § 601. Assuming this amendment retroactively applies, the court's jurisdiction over Shultz's restitution order was extended from April 7, 1997 to October 7, 1997.
In the course of this six-month period, the Legislature revisited RCW 9.94A.142 and added a further amendment. Laws of 1997, ch. 121, § 4.[1] This amendment added the following sentence: "Prior to the expiration of the initial ten-year period, the superior court may extend jurisdiction under the criminal judgment an additional ten years for payment of restitution." Id. Pursuant to this 1997 amendment, on September 30, 1997, the State filed an application requesting the trial court to extend the court's jurisdiction over Shultz's restitution order for an additional ten years. The trial court considered the request, accepted briefing from Shultz's counsel, heard argument from the parties, and denied the request on constitutional grounds. The court found the 1997 *1268 statute did authorize courts to extend jurisdiction, but the court held such extension violated the ex post facto clauses of the state and federal constitutions. On the other hand, the court held that victims entitled to restitution could utilize existing civil law to continue to collect on Shultz's obligation.[2] The State appealed the trial court's ruling, and the Court of Appeals certified the appeal to the Supreme Court.

ANALYSIS
Shultz raises four separate constitutional challenges to the 1994 and 1997 amendments of RCW 9.94A.142. Each challenge will be addressed in turn.
A. Ex Post Facto
The trial judge in this case refused to extend Shultz's restitution order, finding a ten-year extension under the 1997 amendment would violate the ex post facto clause. While the trial court's ruling focused solely on the 1997 amendment, Shultz argues in his cross-appeal that both the 1994 and 1997 amendments should be held unconstitutional. The only difference between the two amendments as applied in this case is the length of time each amendment extended the court's jurisdiction. The 1994 amendment extended jurisdiction six months, while the 1997 amendment would have extended the court's jurisdiction an additional ten years.
A statute is presumed to be constitutional, and the party attacking a statute "has the heavy burden of proving its unconstitutionality beyond a reasonable doubt." State v. Blank, 131 Wash.2d 230, 235, 930 P.2d 1213 (1997) (citing State v. Hennings, 129 Wash.2d 512, 524, 919 P.2d 580 (1996); State v. Ward, 123 Wash.2d 488, 496, 869 P.2d 1062 (1994)). The constitutionality of a statute is a question of law which is reviewed de novo. See State ex rel. Pub. Disclosure Comm'n v. 119 Vote No! Comm., 135 Wash.2d 618, 623, 957 P.2d 691 (1998).
Legislation violates the ex post facto clauses of the state and federal constitutions when it imposes punishment on an act which was not punishable at the time the act was committed, or when it increases the quantum of punishment for the crime after the crime was committed. Hennings, 129 Wash.2d at 524-25, 919 P.2d 580 (citing U.S. CONST. art. I, § 10; Const. Art. 1, § 23; Ward, 123 Wash.2d at 496, 869 P.2d 1062). While prior case law had previously suggested a "disadvantageous" law would violate the ex post facto clause, this perspective has been narrowly limited: "`[T]he sole determination of whether a law is "disadvantageous" is whether the law alters the standard of punishment which existed under prior law.'" Hennings, 129 Wash.2d at 525, 919 P.2d 580 (quoting Ward, 123 Wash.2d at 498, 869 P.2d 1062).
Shultz claims the 1994 and 1997 amendments increase his punishment, thereby violating the ex post facto prohibition. This constitutional challenge relies on the assertion that restitution constitutes punishment. Some cases do suggest in dicta that restitution is at least partly punitive. See State v. Moen, 129 Wash.2d 535, 539 n. 1, 919 P.2d 69 (1996); In re Personal Restraint of Metcalf, 92 Wash.App. 165, 179, 963 P.2d 911 (1998), cert. denied, ___ U.S. ___, 119 S.Ct. 2405, ___ L.Ed.2d ___ (1999). Notwithstanding these suggestions, restitution is statutorily connected to victims' losses:
[R]estitution ... shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury.
RCW 9.94A.142(1). See also State v. McClendon, 131 Wash.2d 853, 879, 935 P.2d 1334 (1997) (Sanders, J., dissenting) ("Nonpunitive sanctions might include, for example, compensatory damages, restitution, and forfeiture of stolen property for return to its rightful owner.") (emphasis added). In fact, restitution payments are paid to the superior court clerk and disbursed directly to the victims, not to the State. Given this direct connection to victims' losses, restitution *1269 also contains a strong remedial component.
A resolution of whether restitution is considered penal or remedial is unnecessary in this case. Even if restitution is considered punitive, the 1994 and 1997 amendments have no effect on the quantum of punishment. The amendments, as the State attempted to apply them in this case, did not increase the original amount of restitution which the sentencing court imposed in 1987. The 1994 amendment extended the court's jurisdiction over Shultz's restitution order for six months, and the 1997 amendment, if the court had not found its application unconstitutional, would have extended the jurisdiction another ten years. These amendments merely extend the length of the sentencing court's jurisdiction to enforce the restitution order, but Shultz's legal obligation under the 1987 restitution order was not impacted by the amendments. The amendments, therefore, do not violate the ex post facto clause.
Shultz claims his punishment increases by virtue of the amendments enabling the Department of Corrections (DOC) to collect money owed under his restitution orders for a longer period of time-ultimately resulting in the State, collecting more money than if the amendments did not apply. The DOC's being able to collect more of what Shultz legally owes, however, does nothing to increase punishment, because collecting more of the money which is already legally owed is not an increase of punishment. See Hennings, 129 Wash.2d at 526, 919 P.2d 580 (finding no ex post facto violation with a different amendment to RCW 9.94A.142 because "[t]here is no increase in the amount of restitution authorized.") (emphasis added). Shultz has no legal right to pay less than he was ordered to pay by the original sentencing court, so his punishment is not increased by extending the length of time the DOC can collect on the restitution order.
Extending the life of a restitution order is analogous to extending the statute of limitation on a criminal act. A person who commits a criminal act is legally answerable to criminal prosecution for a certain period of time. The person has no right to rely upon a fixed limitation period, and the period can be extended without violating the ex post facto clause, so long as the extension occurs before expiration of the original period. State v. Hodgson, 108 Wash.2d 662, 669, 740 P.2d 848 (1987). Similarly, Shultz has no right to rely upon a fixed limitation period for the life of a restitution order.
Shultz claims the 1997 amendment authorizes the court to "modify the amount, terms and conditions of restitution," and he claims this unconstitutionally increases his punishment. Br. of Resp./Cross Appellant (hereinafter Br. of Resp't) at 11. Shultz fails to acknowledge that a sentencing court's power to modify the amount, terms and conditions of restitution existed before the 1997 amendment, and neither the 1994 or 1997 amendments affected these specific powers. The mere extension of time during which a court has the power to act does not constitute an increase in punishment. Shultz's restitution order has never been increased beyond its original sum of $507,131.62, nor did the State request to increase that amount when it petitioned the court in 1997. The 1994 and 1997 amendments do not impact the total amount of restitution Shultz was ordered to pay, so his punishment remains the same.
In a different context, when finding that a term of community placement constituted punishment, this court relied heavily upon the fact that it "imposes significant restrictions on a defendant's constitutional freedoms." State v. Ross, 129 Wash.2d 279, 286, 916 P.2d 405 (1996). The effect of the 1997 amendment on Shultz's restitution order does not increase the severity of any restrictions on his constitutional freedoms-the amendment merely allows him a longer period of time to pay off a legal obligation. The mere extension of time for the enforcement of an existing restitution order does not increase punishment. Extending a legal obligation an additional 10 years may disadvantage a defendant, but it does not increase the quantum of the punishment as imposed at the original sentencing. Disadvantageous changes in the law that do not increase the quantum of punishment do not violate the ex post facto clause. Hennings, 129 Wash.2d at 525-26, 919 P.2d 580.
Shultz claims a court's power to jail a defendant for up to 60 days for failing to comply with a restitution order constitutes *1270 punishment. He claims the 1997 amendment doubles the amount of time he could be jailed for "any violation of the new conditions." Br. of Resp't at 18 (emphasis added). Shultz is mistaken. No new conditions arise because of the 1997 amendment. The 1997 amendment simply maintains the status quo: Shultz was originally ordered to pay $507,131.62 to the victims of his criminal acts, and his legal obligation simply continues under the 1997 amendment, if a court chooses to extend its jurisdiction.
Finding no increase in his punishment when the sentencing court's jurisdiction over Shultz's restitution order is extended, we reverse the trial court, and hold that application of the 1994 and 1997 amendments to Shultz does not violate the ex post facto clause.
B. Due Process
Shultz's due process challenge is equally meritless. A retroactive law violates due process when it deprives an individual of a vested right. Hennings, 129 Wash.2d at 528, 919 P.2d 580 (citing Caritas Servs. Inc. v. Department of Soc. & Health Servs., 123 Wash.2d 391, 413, 869 P.2d 28 (1994)). A vested right is a right that has "become `a title, legal or equitable, to the present or future enjoyment of property.'" In re F.D. Processing, Inc., 119 Wash.2d 452, 463, 832 P.2d 1303 (1992) (quoting Miebach v. Colasurdo, 102 Wash.2d 170, 181, 685 P.2d 1074 (1984)). "`[A] mere expectation based upon an anticipated continuance of the existing law'" is insufficient to vest a legal right. Hennings, 129 Wash.2d at 528, 919 P.2d 580 (quoting Caritas, 123 Wash.2d at 414, 869 P.2d 28); see also F.D. Processing, 119 Wash.2d at 463, 832 P.2d 1303. Shultz had only a mere expectation that the court's jurisdiction over his restitution order would expire on a particular date. The restitution order is a legally imposed financial obligation, and Shultz has proven no vested right in that legal obligation expiring at any particular time. Shultz fails to establish he had a vested right in the expiration date of the restitution order.
Shultz presents an additional due process argument regarding the 1997 amendment. He claims due process is violated because his original guilty plea in 1986 was not fully knowing and voluntary in light of the 1997 amendment allowing a trial court to double the length of its jurisdiction. In other words, Shultz argues the trial court's new discretionary power to double its jurisdiction over restitution orders is a "direct consequence" of his guilty plea. Since he was not aware of this alleged direct consequence when he entered his plea (because the court's discretionary power to extend jurisdiction did not exist when his plea was entered), Shultz claims his guilty plea is invalid.
A guilty plea is knowing and voluntary if the defendant was informed of the "direct consequences" of the plea. State v. Ross, 129 Wash.2d at 284, 916 P.2d 405. A direct consequence is one that "represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Id. (internal quotation marks omitted). Sentencing conditions which result from additional proceedings do not qualify as "immediate." Id. at 285, 916 P.2d 405. An extension of a trial court's jurisdiction over restitution orders is neither immediate nor automatic. The language of the 1997 amendment is discretionary: "[T]he superior court may extend jurisdiction...." Laws of 1997, ch. 121, § 4 (emphasis added). Furthermore, the trial court in this case held additional proceedings to consider the State's request for an extension of jurisdiction. According to the trial court's order, Shultz was given notice of the extension request, appeared through his attorney, and filed a memorandum opposing the extension. The trial court decided it would not extend its jurisdiction on constitutional grounds. Had the court agreed to extend its jurisdiction under the 1997 amendment, such an action would have constituted an indirect and tangential consequence of Shultz's guilty plea, so as to withstand his due process challenge to the 1997 amendment.
The 1994 and 1997 amendments, as applied to Shultz, do not violate due process. Lengthening the court's jurisdiction over his restitution order did not interfere with a vested right, and the extension of the court's *1271 jurisdiction is not a direct consequence of his guilty plea.
C. Bills of Attainder
The same constitutional sections prohibiting ex post facto legislation also prohibit bills of attainder. See U.S. CONST. art. I, § 10; Const. art. I, § 23. This constitutional protection "prohibit[s] legislatures from singling out disfavored persons and meting out summary punishment for past conduct." State v. Hennings, 129 Wash.2d 512, 527, 919 P.2d 580 (1996) (citing Landgraf v. USI Film Prods., 511 U.S. 244, 114 S.Ct. 1483, 1497, 128 L.Ed.2d 229 (1994)). A statute violates this constitutional protection if it singles out named individuals or an easily ascertainable group and inflicts punishment without a judicial trial. Id. Legislation does not rise to the level of a bill of attainder if it merely requires a defined group to "`bear burdens which the individual or group dislikes....'" State v. Manussier, 129 Wash.2d 652, 666, 921 P.2d 473 (1996) (quoting Nixon v. Administrator of Gen. Servs., 433 U.S. 425, 470, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977)).
The 1994 and 1997 amendments to RCW 9.94A.142 are not bills of attainder because, as discussed above, they do not inflict punishment. The amendments may be burdensome, but do not add to a defendant's punishment as originally imposed by the sentencing court. Restitution was imposed in 1987, and the amendments do not alter the original obligation. See Hennings, 129 Wash.2d at 527, 919 P.2d 580 (finding an amendment to the restitution statute "does not inflict punishment" because "[r]estitution was already required under the SRA, RCW 9.94A.142.").
D. Double Jeopardy
Because the 1994 and 1997 amendments do not inflict punishment, they also fail to implicate the double jeopardy clauses of the Fifth Amendment and article I, section 9 of our state constitution. Double jeopardy protects a defendant from multiple punishments for the same offense. Hennings, 129 Wash.2d at 528, 919 P.2d 580. Shultz has never suffered more than one restitution punishment for his string of arsons. The 1994 and 1997 amendments do not impose further punishment for those crimes, so double jeopardy is not implicated.

CONCLUSION
Finding no constitutional infirmity with either the 1994 or 1997 amendments to RCW 9.94A.142 as applied to Shultz, we reverse the trial court's finding of an ex post facto violation, and we remand for further proceedings consistent with this opinion.
GUY, C.J., and SMITH, JOHNSON, MADSEN, ALEXANDER, and TALMADGE, JJ., concur.
SANDERS, J. (concurring).
I agree in result but reject the self-contradicting claim that a statute may be at once presumed constitutional unless proved otherwise "beyond a reasonable doubt" while, at the same time, its "constitutionality ... is a question of law which is reviewed de novo." Majority at 1268. For the reasons expressed in Island County v. State, 135 Wash.2d 141, 155-68, 955 P.2d 377 (1998) (Sanders, J., concurring), I venture the majority got it right the second time.
NOTES
[1] This 1997 amendment became effective July 27, 1997.

This case involves both the 1994 and 1997 amendments: The 1994 amendment extended Shultz's restitution order for six months in 1997, pushing it past the effective date of the 1997 amendment. Absent the effect of the 1994 amendment, the restitution order would have expired before the effective date of the 1997 amendment.
[2] RCW 9.94A.142(6) allows a victim to enforce a restitution order in the same manner as a civil judgment. RCW 6.17.020(3) allows a party holding a civil judgment to petition a court to extend the life of the judgment by an additional 10 years.