[No. 17164-7-III.    Division Three.    November 2, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD FRANK SERIO, *Appellant*.

*Jeffrey C. Barker,* for appellant.

*Steven M. Clem, Prosecuting Attorney*, and *Eric C. Biggar, Deputy*, for respondent.

SCHULTHEIS, C.J. — Edward Serio pleaded guilty in late 1987 to first degree theft. As part of his sentence, the court imposed restitution, court costs and a victim assessment. Ten years later, the Legislature amended the restitution statute to extend jurisdiction over offenders an additional 10 years. Following this amendment, the State moved to extend jurisdiction over Mr. Serio. The motion was granted and Mr. Serio appeals, contending the 1997 amendment to the restitution statute violates the constitutional prohibitions against ex post facto laws. On the basis of *State v. Shultz*, 138 Wn.2d 638, 980 P.2d 1265 (1999), we affirm.

### FACTS

Mr. Serio was sentenced for first degree theft in January 1988. The court ordered him to pay $70 in court costs, $70 for a victim assessment, $1,714 in restitution to Dick's Heating & Air Conditioning and $1,767 in restitution to American States Insurance Company. The total monetary

obligations were $3,621. Additionally, the court ordered that Mr. Serio was to remain under the court's jurisdiction and the supervision of the Department of Corrections for up to 10 years to ensure payment of the restitution.

In 1994 and 1997 the Washington Legislature amended the restitution statutes, including RCW 9.94A.142(1). LAWS OF 1994, ch. 271, § 602; LAWS OF 1997, ch. 52, § 2; ch. 121, § 4. At the time Mr. Serio was sentenced, the statute provided that the court retained jurisdiction over the offender for restitution purposes a maximum of 10 years from the sentence. Former RCW 9.94A.142(1) (1988). Under the 1994 amendment to RCW 9.94A.142, the court's jurisdiction was set to begin the date of sentencing or the date of release from total confinement, whichever was longer. The 1997 amendment excised "maximum" and added the following sentence: "Prior to the expiration of the initial ten-year period, the superior court may extend jurisdiction under the criminal judgment an additional ten years for payment of restitution." RCW 9.94A.142(1).

In September 1997, the State moved to extend jurisdiction another 10 years to collect the remaining $3,400 judgment against Mr. Serio. He contested the motion on the grounds that the 1997 amendment to RCW 9.94A.142(1) violated the ex post facto clauses of the state and federal constitutions. The trial court granted the State's motion to extend jurisdiction and this appeal followed.

## DISCUSSION

The ex post facto clauses of U.S. CONST. art. I, § 10 and CONST. art. I, § 23 forbid the State from enacting any law that imposes punishment for an act not punishable when committed or that increases the quantum of punishment annexed to the crime when it was committed. *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994). A law violates the ex post facto clauses if it (1) is substantive rather than procedural, (2) is retrospective, and (3) disadvantages the person affected by it by altering the standard of punishment that existed under the prior law. *State v.*

*Hennings*, 129 Wn.2d 512, 525, 919 P.2d 580 (1996); *In re Personal Restraint of Powell*, 117 Wn.2d 175, 185, 814 P.2d 635 (1991).

■ We first note that the 1997 amendment to RCW 9.94A.142(1) is clearly retrospective; in other words, it changes the legal consequences of crimes committed before it was enacted. *In re Personal Restraint of Stanphill*, 134 Wn.2d 165, 170, 949 P.2d 365 (1998). Because the amendment in question was enacted after Mr. Serio committed his crime, and it provides the court an additional 10 years of jurisdiction over his judgment, it is retrospective in application. *Id.*

We disagree, however, with Mr. Serio's contention that the amendment disadvantages him because it is punitive. This element of the ex post facto analysis involves asking whether the amendment alters the standard of punishment that existed under the prior law. *Shultz*, 138 Wn.2d at 643; *Stanphill*, 134 Wn.2d at 170; *Hennings*, 129 Wn.2d at 525. Contrary to Mr. Serio's argument, we find that the enlargement of the time period for enforcement of restitution does not increase the quantum of punishment imposed in the restitution order. *Shultz*, 138 Wn.2d at 644. Rather, it merely increases the total period of time Mr. Serio is subject to the obligation. *Id.* Accordingly, there is no ex post facto violation.[1]

■ Mr. Serio's final contention—that the amendment to RCW 9.94A.142 does not apply to court costs and other financial obligations—fails to address the relevant statute. While RCW 9.94A.142 applies specifically to restitution, the general "legal financial obligations" of felons, including restitution, costs, fines and other assessments, are covered by RCW 9.94A.145(4). The 1997 amendments also added a 10-year extension of jurisdiction over these financial obligations beyond the original 10-year period for payment. LAWS OF 1997, ch. 121, § 5. As with the amendment to RCW

---

[1]Because we find that Mr. Serio fails to establish that the 1997 amendment disadvantaged him, we decline to address whether RCW 9.94A.142(1) is substantive or procedural.

9.94A.142(1), the amendment to RCW 9.94A.145(4) does not violate the ex post facto clauses.

Affirmed.

KURTZ and KATO, JJ., concur.