**FILED**
**OCTOBER 4, 2016**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32476-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL HAROLD KALAKOSKY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — We address whether the superior court loses jurisdiction to review legal financial obligations imposed in a 1989 criminal judgment, when the State did not seek to renew the judgment within ten years, but the defendant remains in prison today. After reviewing the relevant statutes and amendments to the statutes, we hold that the superior court does not lose jurisdiction. We affirm the superior court's refusal to remit legal financial obligations imposed on Paul Kalakosky.

No. 32476-1-III
*State v. Kalakosky*

FACTS

Appellant Paul Kalakosky presented both the superior court and this reviewing court sketchy facts. Kalakosky committed attempted rape and four rapes in 1987. On June 19, 1989, the Spokane County Superior Court sentenced Kalakosky, for the rapes, to fifty-three years and nine months in prison. In addition, Kalakosky's judgment and sentence ordered him to pay legal financial obligations. The judgment read:

> (i) Payments shall be made in the following manner: according to a schedule as set up by his CCO [community corrections officer]; that the DOC [Department of Corrections] shall monitor said payments while the defendant is in prison.
> (ii) This court shall retain jurisdiction over the defendant for a period of 10 years to assure payment of the above monetary obligations and the defendant shall report to the Department of Corrections to monitor compliance, to obey conditions as provided by RCW 9.94A.120(11).

Reply Br. of Pet'r, App. 2.

Paul Kalakosky does not inform the court of the amount of the legal financial obligations imposed on him. Nor does he inform the court of the nature of the financial obligations.

Paul Kalakosky obtained direct review of his conviction from the Washington Supreme Court. The state high court affirmed the convictions in an opinion dated May 27, 1993. *State v. Kalakosky*, 121 Wn.2d 525, 852 P.2d 1064 (1993).

No. 32476-1-III
*State v. Kalakosky*

The state Department of Corrections has held Paul Kalakosky in custody since June 1989. We do not know if Kalakosky has paid any of the legal financial obligations or if the State has taken any action to collect the obligations.

PROCEDURE

Paul Kalakosky, while still confined in state prison, requested the trial court to remit his legal financial obligations. Kalakosky argued that the trial court no longer possessed jurisdiction to enforce the financial obligation order because ten years elapsed without the State requesting an extension of jurisdiction in compliance with the language of the 1989 statute. He accompanied his motion with a letter from the Spokane County Superior Court clerk that declared, in part: "the clerk could not find an Order to Extend LFO Collection or an Order of Termination of LFO's in [Kalakosky's] Superior Court Case File." Letter from Vicky Rice, Collection Deputy, Spokane County Superior Court, to Mr. Kalakosky, (Oct. 12, 2011), *State v. Kalakosky*, No. 88-1-00341-7 (Spokane County Super. Ct.).

On April 11, 2014, the trial court issued a letter ruling that held that the ten-year jurisdictional period for collection of legal financial obligations does not commence until a defendant is released from prison. Therefore, the superior court denied Paul Kalakosky's request for remission.

3

Paul Kalakosky never argued, during the superior court proceeding, that the court

should vacate any or all of his legal financial obligations because the superior court, in

1989, failed to consider his financial situation before imposing obligations.

LAW AND ANALYSIS

Paul Kalakosky contends on appeal that the trial court errantly dismissed his

motion to terminate legal financial obligations because, under the statutes in effect at the

time of his sentencing, the court's jurisdiction expired ten years from the date of his

sentencing. The State argues that the current statutes control Kalakosky's case and

provide the trial court with jurisdiction for ten years after sentencing or ten years after

release from confinement, whichever is later. We agree with the State.

Since we do not know whether the legal financial obligations imposed on Paul

Kalakosky include any restitution or whether the obligations are solely based on

restitution, we do not know what statute or statutes control this appeal. Legal financial

obligations include restitution, court costs, and fines. RCW 9.94A.030(31). Different

statutes apply depending on whether the financial obligations constitute restitution or

other forms of financial obligations. We resolve the appeal, however, because no matter

which statute or statutes control, the outcome remains the same.

We first address the question of whether the trial court lost jurisdiction over any

restitution order. In 1989, the year of Paul Kalakosky's sentence, the restitution statute

provided that the court retained jurisdiction over the offender for restitution purposes a

4

maximum of ten years from date of sentencing. LAWS OF 1985, ch. 443, § 10; Former

RCW 9.94A.142(1) (1985). The statute then read:

> For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years subsequent to the imposition of sentence.

In 1994, the Washington Legislature amended RCW 9.94A.142 so as to calculate

the ten-year window from the date of sentencing or the date of release from total

confinement. LAWS OF 1994, ch. 271, § 602; Former RCW 9.94A.142(1) (1994). In

1997, the Washington Legislature amended the restitution statute further. LAWS OF 1997,

ch. 52, § 2; LAWS OF 1997, ch. 121, § 4. A 1997 amendment added the following

sentence: "Prior to the expiration of the initial ten-year period, the superior court may

extend jurisdiction under the criminal judgment an additional ten years for payment of

restitution." LAWS OF 1997, ch. 121, § 4.

RCW 9.94A.753(4) now controls the court's jurisdiction for restitution. The first

sentence of the statute and of this subsection of the statute provides:

> This section applies to offenses committed after July 1, 1985.
>  . . . .
> (4) For the purposes of this section, for an offense committed prior to July 1, 2000, the offender shall remain under the court's jurisdiction for a term of ten years **following the offender's release from total confinement or** ten years subsequent to the entry of the judgment and sentence, **whichever period ends later.** . . .

The legislature added the bold language in the 1994 amendments. LAWS OF 1994, ch.

271, § 602.

5

Under the statutory scheme at the time of Paul Kalakosky's sentence, the superior court automatically lost jurisdiction over legal financial obligations within ten years. Nevertheless, before the ten years expired, the legislature amended the scheme to read that the sentence for restitution did not expire until ten years after the offender's release from confinement. The 1994 statute applies to crimes committed after July 1, 1985, which would include Paul Kalakosky's offenses. The 1997 amendment permits the State to extend the ten-year limitation period, but the amendment and an extension are irrelevant if the offender remains in prison.

We may constitutionally apply the 1994 amendment to Paul Kalakosky's obligation of restitution. Extending the life of a restitution order is analogous to extending the statute of limitation on a criminal act. *State v. Shultz*, 138 Wn.2d 638, 645, 980 P.2d 1265 (1999). A person who commits a criminal act has no right to rely on a fixed limitation period, and the period can be extended without violating the ex post facto clause, so long as the extension occurs before expiration of the original period. *State v. Hodgson*, 108 Wn.2d 662, 668-69, 740 P.2d 848 (1987). Similarly, an offender has no right to rely on a fixed limitation period for the life of a restitution order. *State v. Shultz*, 138 Wn.2d at 645.

The Washington Legislature adopted the 1994 restitution amendment before the expiration of the first ten-year limitation period of Paul Kalakosky's 1989 sentence.

Therefore, we hold that the superior court retains jurisdiction over the restitution order since Kalakosky remains in custody.

We now address whether any legal financial obligations, other than restitution, remain under the jurisdiction of the superior court. RCW 9.94A.760(4) presently governs the court's jurisdiction for other legal financial obligations. An embedded sentence in the statute declares:

> All other legal financial obligations **for an offense committed prior to July 1, 2000,** may be enforced at any time during the ten-year period following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period ends later.

RCW 9.94A.760(4) (emphasis added). Paul Kalakosky, without support, argues the trial court should not have applied this statute but the statutes in effect at the time of his sentencing. This statute codifies legislation enacted in 1989 that became effective July 1, 1990, which applied prospectively, to crimes committed after the effective date. LAWS OF 1989, ch. 252, §5. Former RCW 9.94A.140 (1989) (effective July 1, 1990). The legislature added the bolded language in 2001. LAWS OF 2001, ch. 10, § 3. Former RCW 9.94A145 (2001).

In *State v. Serio*, 97 Wn. App. 586, 589, 987 P.2d 133 (1999), this court held that an amendment to a legal financial obligation statute retroactively applies to criminal sentences and judgments not yet completed. The decision does not make clear whether its ruling applies only to restitution or whether it also applies to other financial

7

obligations. The reasoning applies to all forms of legal financial obligations, however. The amending statutes do not increase the amount of the obligations. The statutes only extend the time during which the State may enforce the obligations.

Paul Kalakosky received legal financial obligations for offenses committed in 1987. Under RCW 9.94A.760, the trial court retains jurisdiction to enforce Kalakosky's legal financial obligations for ten years after his release from confinement.

### Discretionary Legal Financial Obligations

Paul Kalakosky also contends the sentencing court failed to follow the statutory requirement to consider his ability to pay when imposing discretionary legal financial obligations. We refuse to address this argument because Kalakosky did not raise the argument before the superior court.

RAP 2.5(a) formalizes a fundamental principle of appellate review. The first sentence of the rule reads:

> **(a) Errors Raised for First Time on Review.** The appellate court may refuse to review any claim of error which was not raised in the trial court.

A party may not generally raise a new argument on appeal that the party did not present to the trial court. *In re Det. of Ambers*, 160 Wn.2d 543, 557 n.6, 158 P.3d 1144 (2007). A party must inform the court of the rules of law it wishes the court to apply and afford the trial court an opportunity to correct any error. *Smith v. Shannon*, 100 Wn.2d 26, 37, 666 P.2d 351 (1983). We may decline to consider an issue that was inadequately argued

8

below. *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 37, 42

P.3d 1265 (2002); *Mid Mountain Contractors, Inc. v. Dep't of Labor & Indus.*, 136 Wn.

App. 1, 8, 146 P.3d 1212 (2006).

We decline to address Paul Kalakosky's contention for many reasons. The

superior court entered the judgment for legal financial obligations in 1989. Kalakosky

does not present any evidence as to his financial condition in 1989.

The law distinguishes between discretionary and mandatory legal financial

obligations. RCW 7.68.035, RCW 36.18.020(2)(h), and RCW 43.43.7541 respectively

mandate that the court impose a victim assessment fee, a criminal case filing fee, and the

DNA (deoxyribonucleic acid) collection fee regardless of the defendant's ability to pay.

Trial courts must impose such fees regardless of a defendant's indigency. *State v. Lundy*,

176 Wn. App. 96, 102, 308 P.3d 755 (2013). Thus, the superior court in 1989 did not

need to determine Kalakosky's financial condition when imposing mandatory legal

financial obligations. In this appeal, Kalakosky does not inform us of the nature of his

financial obligations.

Paul Kalakosky seeks to benefit from the recent decision of *State v. Blazina*, 182

Wn.2d 827, 344 P.3d 680 (2015). In *Blazina*, the Supreme Court granted appellate courts

discretion to determine challenges to legal financial obligations for the first time on

appeal. Nevertheless, the Supreme Court decided *Blazina* on direct review. Kalakosky

challenges his legal financial obligations for the first time on appeal in an action he

9

No. 32476-1-III
*State v. Kalakosky*

brought for remission of all financial obligations twenty-five years after entry of the obligations.

CONCLUSION

We affirm the trial court's refusal to remit the legal financial obligations imposed on Paul Kalakosky in his 1989 sentence and judgment. We refuse to address Kalakosky's request that we remand for a hearing to determine his financial capability to pay the legal financial obligations.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____         _____
Siddoway, J.                             Lawrence-Berrey, J.

10