[No. 40115-7-I. Division One. October 5, 1998.]

*In the Matter of the Personal Restraint of* BRANDT E. SAPPENFIELD, *Petitioner.*

---

730

*Lindsay Brown* and *Eric Broman* of *Nielsen, Broman & Associates, P.L.L.C.*, for petitioner.

*Brandt E. Sappenfield*, pro se.

*Christine O. Gregoire, Attorney General*, and *Erin M. Moore* and *John S. Blonien, Assistants*, for respondent.

BECKER, J. — Brandt Sappenfield has filed a personal restraint petition seeking relief from an order imposing restitution and court cost obligations arising from a 1986 sentence in King County for burglary and other property crimes. Sappenfield completed a one-year prison sentence for those crimes. He argues that the trial court lost jurisdiction to enforce its order after August 1996 because 10 years had elapsed since the entry of that order. We hold that under RCW 9.94A.142 the court did continue to have jurisdiction, but only until August 1997, 10 years from the date of his release. Because the court was without author-

ity to enforce its restitution order after that time, the personal restraint petition is granted and Sappenfield is relieved from the 1986 order as of August 1997.

■ ■ A sentencing court has jurisdiction to enforce the requirements of a sentence imposed until those requirements are met, unless the jurisdiction is limited by statute.[1] With respect to restitution imposed as part of a sentence, the court's jurisdiction is time-limited by RCW 9.94A.142.

In August 1986, when the King County Superior Court sentenced Sappenfield and ordered him to pay restitution, RCW 9.94A.142 stated in pertinent part: "For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of 10 years subsequent to the imposition of sentence."[2] Under the plain language of this provision, the court's jurisdiction expires in 10 years even if the offender spends the entire 10 years in prison.[3] If this former version of the statute applies here, the trial court's jurisdiction to enforce its restitution order terminated in August 1996, thus relieving Sappenfield of his restitution obligation as of that time.

In 1996, Sappenfield attempted to have his 1986 obligations removed from his file as expired and no longer collectible. Sappenfield is at present again in total confinement, having returned to prison in 1989 to serve a 24-year sentence for murder. Noting this fact, the State Department of Corrections (State), which has the duty to supervise an offender's compliance with restitution,[4] refused Sappenfield's request to have his 1986 files closed. The State advised Sappenfield that the 10-year period had not yet expired because of RCW 9.94A.170(3), a tolling statute

---

[1]*State v. Johnson*, 54 Wn. App. 489, 491, 774 P.2d 526 (1989); *See also* RCW 9.94A.220; *State v. Neal*, 54 Wn. App. 760, 762, 775 P.2d 996 (1989).

[2]LAWS OF 1981, Reg. Sess., ch 137, § 14 (2d Substitute H.B. 440) (codified at RCW 9.94A.142(1) (1986)).

[3]*See State v. Parsley*, 73 Wn. App. 666, 671, 870 P.2d 1030 (1994).

[4]*See* RCW 9.94A.142(1).

enacted in 1988.[5] Sappenfield then filed the instant personal restraint petition, contending that the 1988 statute should not apply retroactively to his restitution obligations imposed in 1986.

In its brief opposing Sappenfield's petition, the State does not place its principal reliance on RCW 9.94A.170(3). That 1988 statute tolls the lapsing of the period during which the Department of Corrections has the duty to supervise payments of restitution. Instead, the State relies on a 1994 amendment to RCW 9.94A.142 that redefined the limits of the court's jurisdiction over the collection of restitution. The 1994 statute amended the jurisdictional provision to read, "For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years following the offender's release from total confinement or ten years subsequent to the entry of the judgment and sentence, whichever period is longer."[6] The State contends that the 1994 amendment applies retroactively, and that under the 1994 amendment, the 10-year jurisdictional time period will not expire until after Sappenfield completes his present prison term.

Sappenfield argues that the 1994 amendment applies only prospectively. He contends that retroactive application would violate the constitutional prohibition against ex post facto laws as well as his constitutional right to due process. Alternatively, he argues that the 1994 amendment, even if it does apply retroactively, extended the court's jurisdiction at most only until 1997, 10 years after he completed the prison sentence for the property crimes to which the order of restitution is related. He asks this court to order the

---

[5]"Any period of supervision shall be tolled during any period of time the offender is in confinement for any reason." LAWS OF 1988, Reg. Sess., ch. 153, § 9(3) (E.S.H.B. 1424) (codified at RCW 9.94A.170(3)).

[6]LAWS OF 1994, Reg. Sess., ch. 271, § 601(1) (Substitute H.B. 6007). RCW 9.94A.145(4), the statute governing enforcement of all legal financial obligations, including restitution and court costs, is worded similarly: "All other legal financial obligations may be enforced at any time during the ten-year period following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period is longer."

Department of Corrections to close his files and dismiss the obligations arising from his 1986 property crimes.

## THE 1994 AMENDMENT

Before deciding whether the 1994 amendment operates retroactively, we first address the controversy about how it operates in general. The State's briefing refers to the 1994 amendment as a "tolling" statute. According to the State, the 1994 amendment tolls Sappenfield's restitution obligations for his 1986 burglary conviction for the entire period of his incarceration for the 1989 murder conviction. Sappenfield contends there is no tolling provision in the amendment.

To "toll" means "To bar, defeat, or take away" or "To suspend or stop temporarily as the statute of limitations is tolled during the defendant's absence from the jurisdiction and during the plaintiff's minority."[7] Under this definition, it is inaccurate to describe the 1994 amendment as a statute that tolls or suspends an offender's obligation to pay restitution.

Nor does the statute bar, defeat, or take away the court's jurisdiction while the offender is confined. Both parties agree that under the 1994 amendment, the court's jurisdiction begins on the date restitution is ordered, continues during the entire period that the offender is confined on that offense, and then has 10 more years to run after the offender is released. Assuming that the amendment operates retroactively, both parties thus agree that the court maintained jurisdiction over Sappenfield's 1986 obligation during the year he spent in prison for the property crimes; that the 10-year term began to run upon his release from prison in 1987; and that two years of it elapsed while he was unconfined.

According to Sappenfield, the 10-year alternative term of jurisdiction that began upon his release in August 1987 continued to elapse, and ended in August 1997, notwith-

---

[7] BLACK'S LAW DICTIONARY 1488 (6th ed. 1990).

standing his reincarceration. The State argues that Sappenfield's reincarceration tolled the running of the 10-year period and that it will recommence when he is again released from total confinement. Under the State's theory, Sappenfield will at that time remain under the court's jurisdiction for eight more years. If he goes back to prison again, the period would again be tolled. In effect, the State argues that a "release from total confinement" means a release from confinement for any crime.

The State does not adequately explain how it derives its theory from the words of the 1994 amendment, "the offender shall remain under the court's jurisdiction for a maximum term of ten years following the offender's release from total confinement."[8] The 1994 amendment does not use the word "toll." It does not provide for the 10-year term to be suspended every time the offender goes to prison. Instead, it creates a single alternative expiration date for the court's jurisdiction over restitution. The court's jurisdiction begins with the imposition of sentence. It ends either 10 years later or 10 years after the offender's release from total confinement. When the offender is released from total confinement, it is a 10-year term that begins to elapse, not an 8-year term. We conclude from this that the phrase "release from total confinement" can only mean release from confinement for the crime for which restitution was ordered.

## OTHER STATUTES

The State at oral argument retreated from its description of the 1994 amendment as a "tolling" statute. The State maintained, however, that the Legislature did intend to create a tolling mechanism, so that any time an offender spent in total confinement would not count toward the total of ten years during which restitution obligations could

---

[8]Laws of 1994, ch. 271, § 601(1). Note: The word "maximum" was deleted from this sentence in 1997. Laws of 1997, ch.121, § 4 (Engrossed H.B. 1096) (codified as amended in RCW 9.94A.142(1) (1998)).

be enforced. The State argued that if the 1994 amendment does not accomplish that objective by itself, it does so when read in conjunction with the tolling provision in RCW 9.94A.170(3).

This statute currently provides, "Any period of supervision shall be tolled during any period of time the offender is in confinement for any reason." We agree with the State that the period during which the State has a duty to supervise the offender's compliance with restitution is a "period of supervision."[9] But as Sappenfield points out, the Department of Corrections cannot supervise compliance with an obligation if the trial court lacks jurisdiction to enforce it. Once the trial court loses jurisdiction, the obligation has expired and thus there is nothing to supervise.

The State notes that the Legislature in 1988 not only enacted RCW 9.94A.170(3), the above-mentioned statute that tolls any period of supervision while the offender is in confinement for any reason, but also amended RCW 9.94A.120. Before 1988, RCW 9.94A.120 provided, "All monetary payments shall be ordered paid by no later than ten years after the date of the judgment of conviction." Striking out that language, the Legislature replaced it with a provision that the time limit for the *payment* of monetary obligations is 10 years after the *last* date of release from confinement for *a* felony conviction:

> When a person is convicted of a felony, the court shall impose punishment as provided in this section.
>
> . . .
>
> (10) . . . All monetary payments ordered shall be paid no later than ten years after the most recent of either the last

[9]RCW 9.94A.142(1). *See also* RCW 9.94A.145(7), (8). The State asserted at oral argument that the amounts it is currently collecting from Sappenfield while he is in prison are for obligations related to the 1989 conviction for which he is now confined. Under RCW 9.94A.170(3), the tolling statute, Sappenfield's reincarceration tolled or suspended the period in which the State has a duty to supervise his compliance with financial obligations related to his 1986 convictions.

date of release from confinement pursuant to a felony conviction or the date the sentence was entered . . .[10]

The State argues that this amendment, in conjunction with the tolling provision of RCW 9.94A.170(3), extended the court's jurisdiction over Sappenfield.

The Legislature may well have intended to create a statutory scheme whereby an offender's incarceration for an unrelated offense would extend the time period during which the sentencing court could enforce restitution ordered in connection with an earlier conviction. But we are unable to agree with the State's argument that the language change in 1988 accomplished that objective. First, to legislate that payments ordered "shall be paid" does not clearly create a new jurisdictional time limit. Second, even if that phrase did create a new jurisdictional time limit, it was inconsistent with the time limit in RCW 9.94A.142. A jurisdictional time limit is a matter about which there should be clarity, rather than a variety of possibilities depending on which section of the statute is consulted. Third, the phrase "most recent" added confusion.[11] Fourth, the 1988 version endured for only one year. In 1989 the Legislature deleted "most recent" to make the sentence read as follows: "All monetary payments ordered shall be paid no later than ten years after the last date of release from confinement pursuant to a felony conviction or the date the sentence was entered."[12] The present version of that sentence ends "un-

---

[10]LAWS OF 1988, ch. 153, § 2.

[11]The amendment provided that obligations were to be paid no later than 10 years after the sentence is entered or 10 years after release from confinement on a felony conviction, whichever event was "most recent," but it does not designate the date on which that calculation must be made. For an offender sentenced in 1986 and released after serving a one-year term, the release on that conviction was the "most recent" event in 1987. If that offender served another one-year term for a different crime beginning in 1998, the release on that conviction would be the "most recent" event in 1999. Would the offender then be subject to 10 more years on the original 1986 obligation despite having already been subject to it while unconfined during the 10 years from 1987 to 1997?

[12]LAWS OF 1989, Reg. Sess., ch. 252, § 4 (E.S.H.B. 1542).

less the superior court extends the criminal judgment an additional ten years."[13]

We conclude that the Legislature did not, in its 1994 amendment to RCW 9.94A.142 or in any other provision cited to us, extend the court's jurisdiction in the manner described by the State. We hold that when an offender bound by an order of restitution has once been released from total confinement for the same crimes that gave rise to the order of restitution, the 10-year period of the court's jurisdiction over the enforcement of that order runs without being tolled and ends 10 years after the date of release (unless jurisdiction is extended as presently provided by statute). Thus, assuming the 1994 amendment to RCW 9.94A.142(1) applies retroactively to Sappenfield, his restitution obligation nevertheless expired in August 1997, 10 years after his release from total confinement for his 1986 conviction.

## RETROACTIVITY

The State contends that both the 1994 amendment to RCW 9.94A.142(1) as well as RCW 9.94A.170(3) may be applied retroactively to affect the financial obligations imposed on Sappenfield in 1986. Because RCW 9.94A.170(3) does not affect the court's jurisdiction for the collection of restitution, there is no need in this case to determine whether it has retroactive application.

 Regarding the retroactivity of the 1994 amendment, an amendment is like any other statute and as a general rule applies prospectively only.[14] The State contends the statute applies retroactively because it is curative and remedial. Statutory amendments that are "clearly cura-

---

[13]RCW 9.94A.120(12)(1998). The court's power to extend its jurisdiction under the judgment for an additional 10 years for payment of restitution was granted by a 1997 amendment. LAWS OF 1997, ch. 121, § 2. That provision plays no part in the present case as it does not appear that the court extended jurisdiction under Sappenfield's 1986 sentence.

[14]*Howell v. Spokane & Inland Empire Blood Bank,* 114 Wn.2d 42, 47, 785 P.2d 815 (1990).

tive" may be given retroactive effect, so long as they do not contravene any judicial construction of the statute.[15] "Remedial" amendments may also be applied retroactively under certain circumstances.[16] But under no circumstances will retroactivity be granted if it violates constitutional protections.[17]

An amendment is "clearly curative" if it clarifies or technically corrects an ambiguous statute. Ambiguity exists when a law can reasonably be interpreted in more than one way.[18] The portion of RCW 9.94A.142(1) at issue here was not ambiguous prior to the 1994 amendment. It provided for a 10-year period of jurisdiction measured from the imposition of sentence. The 1994 amendment extended the court's jurisdiction by allowing an alternative measurement beginning with the offender's release from total confinement. This was a change in the law, not a clarification of an ambiguity.

The State argues that ambiguity was created by other, inconsistent statutes. We are not persuaded that RCW 9.94A.142 in its 1985 form was so inconsistent with other statutes that the 1994 amendment must necessarily be regarded as curing an ambiguity. The 1994 amendment itself is not a model of clarity and it is not altogether consistent with other statutes.

We do hold that the 1994 amendment can be applied retroactively because it is remedial. An amendment is remedial when it relates to practice, procedure, or remedies, and does not affect a substantive or vested right.[19] The general inquiry to determine whether an amendment affects a

[15]State v. Jones, 110 Wn.2d 74, 82, 750 P.2d 620 (1988); State v. McKinley, 84 Wn. App. 677, 686, 929 P.2d 1145 (1997).

[16]In re Personal Restraint of Mota, 114 Wn.2d 465, 471, 788 P.2d 538 (1990), superseded on other grounds in In re Personal Restraint of Williams, 121 Wn.2d 655, 662, 853 P.2d 444 (1993).

[17]In re F.D. Processing, 119 Wn.2d 452, 460, 832 P.2d 1303 (1992).

[18]Vashon Island v. Washington State Boundary Review Bd., 127 Wn.2d 759, 771, 903 P.2d 953 (1995).

[19]In re Mota, 114 Wn.2d at 471.

substantive right is whether the law alters the standard of punishment which existed under prior law or makes more burdensome the punishment for the crime.[20] Applying this test in *State v. Hennings*, the Supreme Court allowed retroactive application of an amendment providing that restitution hearings must be held within 180 days, rather than 60 days of the sentencing hearing.[21] The Court rejected the argument that the increase in time to determine the restitution amount affected defendants substantively by resurrecting a punishment. The Court instead held that because the amount of restitution authorized did not increase, the "quantum of the punishment" did not change.[22] Similarly, retroactive application of the 1994 amendment does not increase the amount of restitution Sappenfield owes. It increases only the total period of time in which he is subject to the obligation.

Sappenfield asserts that extending the time period in which he is subject to the obligation is a constitutional ex post facto violation. A law violates the ex post facto clause if it: (1) is substantive, as opposed to merely procedural; (2) applies to events which occurred before its enactment; and (3) disadvantages the person affected by it.[23] The critical question is whether the Legislature's enlargement of the time period for enforcement of restitution inflicts a greater punishment than the law in effect when the crimes was committed.[24] Because the punishment inflicted on Sappenfield remains the same, there is no ex post facto violation.[25]

Sappenfield also asserts a due process violation.

---

[20]*See State v. Ward*, 123 Wn.2d 488, 497-98, 869 P.2d 1062 (1994).

[21]*State v. Hennings*, 129 Wn.2d 512, 529, 919 P.2d 580 (1996).

[22]*Id.* at 526.

[23]*Id.* at 525.

[24]*See State v. Ward*, 123 Wn.2d at 497-98 (citing *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L. Ed. 648 (1798)).

[25]*See State v. Hodgson*, 108 Wn.2d 662, 668-69, 740 P.2d 848 (1987), *cert. denied*, 485 U.S. 938, 108 S. Ct. 1117, 99 L. Ed. 2d 277 (1988) (legislative exten-

The retroactive application of a law violates due process if it deprives an individual of a vested right.[26] The test is whether a party has changed position in reliance upon the previous law or whether the retroactive law defeats the reasonable expectations of the parties.[27]

Sappenfield has a vested property right to the funds in his prison account,[28] but he has not shown that he changed position with respect to those funds in reliance upon the pre-1994 status of the law. All that has changed is the period of time in which the debt may be collected. He had no reasonable expectation that the law would remain in a fixed state so as to extinguish his debt after 10 years. And Sappenfield did receive due process when, in 1986, he received a notice and had a hearing before the court imposed the obligation to pay restitution and court costs.[29] He was not entitled to a further opportunity to raise objections when the Legislature lengthened the court's jurisdiction in 1994.

In conclusion, the 1994 amendment, providing an alternative expiration date for the court's jurisdiction to enforce a criminal restitution order, may be retroactively applied. But because it is not a tolling provision, it extended the court's jurisdiction over Sappenfield's restitution obligation only to August 1997. Jurisdiction to enforce the orders setting restitution for his 1986 property crimes ended 10 years after he was released from total confinement for those crimes. Sappenfield's personal restraint petition is granted, and he is relieved of the 1986 orders imposing restitution and court costs.

---

sion of a criminal statute of limitation may be applied retroactively if the prior limitation has not yet expired).

[26]*Caritas Servs., Inc. v. Department of Soc. & Health Servs.*, 123 Wn.2d 391, 413, 869 P.2d 28 (1994).

[27]*In re Santore*, 28 Wn. App. 319, 324, 623 P.2d 702, *review denied*, 95 Wn.2d 1019 (1981).

[28]*See Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985).

[29]*See State v. Rogers*, 127 Wn.2d 270, 275, 898 P.2d 294 (1995) ("due process of law in its essence requires notice and an opportunity to be heard").