980 P.2d 1271 (1999)
138 Wash.2d 588
In the Matter of the Personal Restraint Petition of Brandt E. SAPPENFIELD.
In the Matter of the Personal Restraint Petition of Brandt E. Sappenfield.
Nos. 65577-4, 67380-2.
Supreme Court of Washington, En Banc.
July 29, 1999.
*1272 Christine Gregoire, Attorney General, John Blonien, Thomas Young, Asst's Atty. Gen., Olympia, for Petitioner.
Eric Broman, Seattle, Brandt E. Sappenfield, Airway Heights, for Respondent.
IRELAND, J.
Sappenfield filed two separate personal restraint petitions (PRPs) in different divisions of the Court of Appeals. In both PRPs, Sappenfield challenged the Department of Correction's ongoing attempt to collect payments owed on restitution orders stemming from 1986 convictions in two different counties. The two Court of Appeals decisions reached different results, and those decisions were consolidated for review. We find the sentencing courts' jurisdiction over those 1986 restitution orders lapsed and order the Department of Corrections to stop its collection efforts on the 1986 orders.

*1273 FACTS
On April 24, 1986, Brandt Sappenfield was convicted in Benton County for possession of stolen property in the second degree. Soon thereafter, he was transferred to King County where, on July 10, 1986, he was convicted for committing four different crimes. The King County crimes occurred in both 1985 and 1986, and the Benton County crime occurred in 1986. Sappenfield was ordered to pay restitution in both counties as a result of his convictions. He served his time on both convictions and was released from prison on August 16, 1987. In 1989, Sappenfield was convicted of second degree murder, and he is still incarcerated on the murder conviction.
In early 1997, Sappenfield filed two PRPs in the Court of Appeals. One PRP regarding the Benton County restitution order was filed in Division Three, and the other PRP regarding the King County restitution orders was filed in Division One. In both PRPs, Sappenfield claimed the 1986 restitution orders expired in 1996, so the Department of Corrections (DOC) should not continue collecting the unpaid portions of those 1986 orders. The State argued Sappenfield's reincarceration in 1989 tolls the court's jurisdiction over his 1986 restitution orders.
Division Three of the Court of Appeals dismissed the PRP and allowed the DOC to continue collecting on the 1986 restitution order from Benton County. In re Personal Restraint of Sappenfield, No. 16412-8-III, (Wash.Ct.App. June 7, 1997) (unpublished order). In contrast, Division One of the Court of Appeals issued a published decision finding for Sappenfield, and the court ordered the DOC to stop collecting funds owed under the 1986 King County orders. In re Personal Restraint of Sappenfield, 92 Wash.App. 729, 964 P.2d 1204 (1998). Sappenfield sought review of the Division Three decision, and the State sought review of the Division One decision. The cases were consolidated for review.

ANALYSIS
A court's authority to order restitution is purely statutory. State v. Hennings, 129 Wash.2d 512, 519, 919 P.2d 580 (1996). Statutes authorizing restitution are to be broadly construed in order to carry out the Legislature's intent of providing restitution. Id. If, however, the language of a statute is plain and clear, the court must apply the language as written. Duke v. Boyd, 133 Wash.2d 80, 87, 942 P.2d 351 (1997) (The court should not "question the wisdom of a statute even though its results seem unduly harsh.").
The State claims a 1994 amendment to RCW 9.94A.142, in conjunction with a 1988 amendment to RCW 9.94A.170, tolls the sentencing court's jurisdiction over restitution orders. When Sappenfield committed the crimes for which restitution orders were imposed, former RCW 9.94A.142(1) (1986) contained the following sentence:
For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years subsequent to the imposition of sentence.
Under this former version, the courts' jurisdiction over Sappenfield's restitution orders unambiguously expired 10 years after the imposition of Sappenfield's King County and Benton County sentences in 1986.
In 1994 the Legislature passed the following amendment:
For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years ((subsequent to the imposition of sentence)) following the offender's release from total confinement or ten years subsequent to the entry of the judgment and sentence, whichever period is longer.

Laws of 1994, ch. 271, § 602 (amending RCW 9.94A.142). If this amendment applies, it would have extended the life of Sappenfield's restitution orders from April 24 and July 10, 1996 (10 years after his sentencing in Benton and King Counties, respectively) to August 16, 1997 (10 years after his release from total confinement served for all of the 1986 convictions).
The 1988 amendment to RCW 9.94A.170 tolls the DOC's period of supervision over defendants "during any period of time the offender is in confinement for any reason." Laws of 1988, ch. 153, § 9 (codified at RCW *1274 9.94A.170(3)). The DOC claims this "tolling" in conjunction with the "release from confinement" language of the 1994 amendment to RCW 9.94A.142 operates to toll Sappenfield's 1986 restitution orders.
Division One disagreed with the State. In its briefs to Division One, the State claimed the 10-year life of the 1986 restitution orders began running in 1987, but started to toll in 1989, such that the restitution orders are still enforceable, and will continue for 8 years after Sappenfield is released from total confinement served for his 1989 conviction. Division One disputed the State's argument in a well-reasoned analysis:
The State does not adequately explain how it derives its theory from the words of the 1994 amendment, "the offender shall remain under the court's jurisdiction for a maximum term of ten years following the offender's release from total confinement." The 1994 amendment does not use the word "toll." It does not provide for the 10-year term to be suspended every time the offender goes to prison. Instead, it creates a single alternative expiration date for the court's jurisdiction over restitution. The court's jurisdiction begins with the imposition of sentence. It ends either 10 years later or 10 years after the offender's release from total confinement. When the offender is released from total confinement, it is a 10-year term that begins to elapse, not an eight year term. We conclude from this that the phrase "release from total confinement" can only mean release from confinement for the crime for which restitution was ordered.
In re Sappenfield, 92 Wash.App. at 736, 964 P.2d 1204 (footnote omitted). Division One's reading of the 1994 amendment is correct. No language in the amendment provides for the tolling argued by the State. Furthermore, RCW 9.94A.142(1), as amended in 1994, is not so ambiguous as to allow one to read a tolling provision into the statute. The statute provides a court's jurisdiction over restitution orders expires 10 years after sentencing or release from confinement. Sappenfield was released from confinement in 1987, so the court's jurisdiction expired in 1997, 10 years after his release. Sappenfield's subsequent reincarceration in 1989 had no impact on the life of the 1986 restitution orders, and no language within RCW 9.94A.142(1) provides otherwise.
The State's reliance upon RCW 9.94A.170(3) is misplaced. RCW 9.94A.170 addresses the DOC's "period of supervision," but the statute has no bearing on the more fundamental issue of the sentencing court's jurisdiction over restitution orders. RCW 9.94A.142 specifically addresses the sentencing court's jurisdiction. If a court's jurisdiction over a restitution order lapses under RCW 9.94A.142, that restitution order becomes void, and it cannot be revived simply because RCW 9.94A.170 extends the DOC's period of supervision over the defendant.
The State claims victims will go uncompensated if this court refuses to read a tolling provision into RCW 9.94A.142, and the State points out that restitution statutes should be broadly construed to allow restitution. See State v. Davison, 116 Wash.2d 917, 920, 809 P.2d 1374 (1991). The Legislature has already seen fit to address the State's concern about restitution orders expiring, as demonstrated by the Legislature's 1997 amendment of the statute. See Laws of 1997, ch. 121, § 4. Under this 1997 amendment, the State can petition the court to extend the court's jurisdiction over restitution orders an additional 10 years.[1] Since the Legislature's 1997 amendment addresses the State's concerns, we will not attempt to "fix" the prior version of the statute by reading in a tolling provision. See Hazel v. Van Beek, 135 Wash.2d 45, 64, 954 P.2d 1301 (1998).
At oral argument, the State wisely conceded that if we disagreed with the State's tolling argument, then the State would have no other ground to continue collecting on Sappenfield's 1986 restitution orders. Finding no tolling, it is unnecessary to address Sappenfield's attack on the constitutionality *1275 of the 1994 amendment to RCW 9.94A.142.[2] If the amendment applies in this case, Sappenfield's restitution orders expired in August 1997. If the amendment does not apply, the orders expired in 1996. Either way, the DOC is clearly without authority, at this point in time, to collect restitution owed under the 1986 orders.
In his supplemental brief filed with this court, Sappenfield asks for these consolidated cases to be remanded to superior court to determine how much the DOC has improperly collected. This requested remedy, however, is beyond the scope of relief of a PRP. The restraint Sappenfield complains of is the DOC's continued enforcement of the 1986 restitution orders. This court can order only the removal of the illegal restrainti.e., order the DOC to stop collecting money on the 1986 orders. Sappenfield must resort to a civil action for further relief.
In conclusion, the unpublished order from Division Three of the Court of Appeals is reversed, and the published decision from Division One of the Court of Appeals is affirmed.
GUY, C.J., and SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.
NOTES
[1] The 1997 amendment is discussed in the companion case, State v. Shultz, 138 Wash.2d 638, 980 P.2d 1265 (Wash.1999).
[2] Whether application of the 1994 amendment to a previously imposed restitution order violates ex post facto is addressed in State v. Shultz, 138 Wash.2d 638, 980 P.2d 1265.