198 P.3d 1061 (2009)
STATE of Washington, Respondent,
v.
Michael James OLSON, Appellant.
No. 26749-1-III.
Court of Appeals of Washington, Division 3.
January 13, 2009.
Charles E.F. Alden, Attorney at Law, Kennewick, WA, for Appellant.
Andrew K. Miller, Terry J. Bloor, Benton County Prosecutor's Office, Kennewick, WA, for Respondent.
Terry Jay Bloor, Benton County Prosecutors Office, Kennewick, WA, for Other Parties.
*1062 KULIK, J.
¶ 1 Under RCW 9.94A.753(4), a court has restitution jurisdiction over an offender for 10 years after the offender's release from total confinement. The court may extend this jurisdiction for an additional 10 years at any time prior to the expiration of the initial 10-year period.
¶ 2 Michael James Olson appeals the denial of his motion to terminate financial obligations. Mr. Olson was initially released from incarceration on November 19, 1986. He argues that the State failed to extend restitution jurisdiction within the 10-year time limit. The State contends that the 10-year jurisdiction began after the court modified Mr. Olson's judgment and sentence on November 2, 1990. We agree with Mr. Olson that the court's jurisdiction ended 10 years after his release from his initial incarceration. Accordingly, we reverse the trial court, and terminate Mr. Olson's financial obligations.

FACTS
¶ 3 On July 18, 1986, Mr. Olson pleaded guilty to the crime of unlawful imprisonment and was sentenced to 60 days' confinement, with credit for 14 days served. Mr. Olson was also sentenced to community supervision and restitution. On November 19, 1986, Mr. Olson was released from his initial period of incarceration.
¶ 4 On February 19, 1988, the court entered an order modifying the judgment and sentence and imposing further punishment for Mr. Olson's failure to report to his community corrections officer. Mr. Olson was required to serve an additional 30 days in jail. On November 2, 1990, the court again entered an order modifying the judgment and sentence and imposing further punishment for Mr. Olson's failure to pay his legal financial obligations and for failing to submit monthly reports to his corrections officer. Mr. Olson served an additional 30 days in jail.
¶ 5 On June 1, 1998, an order extending restitution jurisdiction was entered, 12 years after Mr. Olson's release from his initial period of incarceration, but only 8 years after Mr. Olson's last period of incarceration related to the original crime. Mr. Olson filed a motion to terminate financial obligations, asserting that the State failed to extend restitution jurisdiction within the 10-year time limit. The State asserted the tolling period included any term of confinement or any term of community custody, or community placement. The trial court held that the 10-year jurisdictional limit could be tolled for the periods of time outlined by the State and denied the motion.[1] Mr. Olson now appeals.
¶ 6 On appeal, the State and Mr. Olson agree that the restitution statute's 10-year time limit cannot be tolled for subsequent periods of incarceration. See In re Pers. Restraint of Sappenfield, 138 Wash.2d 588, 593, 980 P.2d 1271 (1999). As a result, the tolling issue briefed by the parties is not in dispute. The issue remaining is whether the 10-year jurisdictional time limit begins after release from the initial term of incarceration or after release from subsequent periods of incarceration related to the original crime.

ANALYSIS
¶ 7 Mr. Olson contends that the term "total confinement" relates to the initial period of incarceration ordered for the crime. Further, Mr. Olson suggests that the phrase "total confinement" does not include subsequent periods of incarceration for probation and restitution violations related to the original crime.[2] Thus, Mr. Olson argues that the 10-year *1063 time limit began when he was released from "total confinement" on July 18, 1986. However, the record indicates that Mr. Olson was sentenced on July 18, 1986, and was actually released from jail on or about November 19, 1986. It is likely that Mr. Olson intended to argue that the 10-year time limit should have begun on or about November 19, 1986, after he served the 60-day jail sentence imposed for the crime.[3]
¶ 8 The State argues that the term "total confinement" includes all periods of incarceration related to the original crime. The State maintains that such periods of incarceration do not constitute a "new prosecution," but instead, are only "modifications of the original sentence." Br. of Resp't at 5-6. Accordingly, the State asserts that the 10-year time limit began to run no earlier than November 2, 1990, the date of the order modifying Mr. Olson's sentence by adding 30 days of incarceration for failing to pay his legal financial obligations and failing to submit monthly reports to his community corrections officer. In the State's view, the request for an extension of jurisdiction on June 1, 1998, was within the 10-year time limit.
¶ 9 Washington's restitution statute provides in pertinent part:
For the purposes of this section, for an offense committed prior to July 1, 2000, the offender shall remain under the court's jurisdiction for a term of ten years following the offender's release from total confinement or ten years subsequent to the entry of the judgment and sentence, whichever period ends later. Prior to the expiration of the initial ten-year period, the superior court may extend jurisdiction under the criminal judgment an additional ten years for payment of restitution.
RCW 9.94A.753(4).[4]
¶ 10 Matters of statutory interpretation are reviewed de novo. State v. Linssen, 131 Wash.App. 292, 296, 126 P.3d 1287, review denied, 158 Wash.2d 1014, 145 P.3d 1215 (2006). If the language of a statute is clear and unequivocal, the court must apply the language as written. Sappenfield, 138 Wash.2d at 591, 980 P.2d 1271. Washington's restitution statutes are to be broadly construed in order to carry out the legislative intent of providing restitution. Id.
¶ 11 Under former RCW 9.94A.030(17) (1985),[5] the term "total confinement" "means confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state or any other unit of government for twenty-four hours a day, or pursuant to RCW 72.64.050 [branch institutions or work camps] and 72.64.060 [labor camps]."
¶ 12 In essence, the term "total confinement" is defined as time served in a county jail or state prison. Further, the term is used to differentiate between types of punishment such as community supervision, restitution, fines, partial confinement or total *1064 confinement. See RCW 9.94A.850(3).[6] As a result, the statutory definition, standing alone, does not assist in determining whether subsequent periods of incarceration related to the original crime are included in calculating a defendant's period of "total confinement."
¶ 13 However, the Supreme Court considered the phrase "release from total confinement" in Sappenfield. In Sappenfield, the court held that the 10-year restitution jurisdiction was not tolled for subsequent periods of incarceration on unrelated crimes. Sappenfield, 138 Wash.2d at 593, 980 P.2d 1271. Although Sappenfield is not directly on point, it is helpful. The court defined the phrase "total confinement" in a context that is applicable here. Specifically, the court stated:
"The court's jurisdiction begins with the imposition of sentence. It ends either 10 years later or 10 years after the offender's release from total confinement.... We conclude from this that the phrase "release from total confinement" can only mean release from confinement for the crime for which restitution was ordered."
Id. (quoting In re Pers. Restraint of Sappenfield, 92 Wash.App. 729, 736, 964 P.2d 1204 (1998)); see State v. Gossage, 165 Wash.2d 1, 195 P.3d 525 (2008). The State has failed to identify any language in the restitution statute or in case law to support its position that the 10-year time period starts over if the defendant is subsequently incarcerated for probation and restitution violations related to the original crime.
¶ 14 When the legislature has intended to use a subsequent period of incarceration for tolling a SRA[7] time period, it has expressly stated so in the statute. Specifically, RCW 9.94A.525(2)(c), dealing with "wash out" periods used in offender score calculations, states:
[C]lass C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement ... the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.
(Emphasis added.)
¶ 15 If the legislature had intended the restitution statute, RCW 9.94A.753(4), to restart the 10-year time period after subsequent periods of incarceration related to the original crime, the legislature would have included similar language in the restitution statute. It did not. Accordingly, we believe the legislature intended a different result here.
¶ 16 Mr. Olson was originally sentenced to 60 days in jail, community supervision, and restitution for the crime of unlawful imprisonment. He was released from jail for this crime on or about November 19, 1986. Mr. Olson's subsequent periods of incarceration were for failing to report to his probation officer, failing to pay his restitution requirements, and failing to provide monthly reports to his probation officer. Mr. Olson's subsequent periods of incarceration were not for the crime of unlawful imprisonment for which the restitution was originally ordered. Mr. Olson's "release from total confinement," which triggered the 10-year restitution jurisdiction, was on or about November 19, 1986. As a result, the State had until November 19, 1996, to extend restitution jurisdiction over Mr. Olson. The State failed to extend jurisdiction until June 1, 1998, more than one year beyond the jurisdictional time limit.
¶ 17 The trial court erred by denying Mr. Olson's motion to terminate his financial obligations. Accordingly, we reverse the trial court and terminate Mr. Olson's financial obligations.
WE CONCUR: SCHULTHEIS, C.J., and KORSMO, J.
NOTES
[1] The trial court was incorrect in holding that subsequent periods of incarceration toll the restitution statute's 10-year time limit. See In re Pers. Restraint of Sappenfield, 138 Wash.2d 588, 593, 980 P.2d 1271 (1999). However, even if tolling was appropriate, Mr. Olson spent approximately 60 additional days in jail. Therefore, even if the court tolled Mr. Olson's subsequent periods of incarceration, the State still would not have met the 10-year time limit to extend jurisdiction.
[2] Mr. Olson states that he has "not [been] in custody since July 18, 1986 ... [and] is not currently incarcerated and has not been incarcerated on this matter or other matters for an extended period of time." Br. of Appellant at 2. This is inaccurate, as the record reflects Mr. Olson has been incarcerated at least two times since July 18, 1986.
[3] Mr. Olson states that he served 125 days on house arrest for the July 18, 1986 crime of unlawful imprisonment. However, the record indicates he served 60 days in jail.
[4] The date of Mr. Olson's crime was June 6, 1986. The version of the statute in effect in 1986 was RCW 9.94A.142, which stated the sentencing court's jurisdiction over a restitution order expired 10 years after the imposition of the sentence. LAWS OF 1985, ch. 443, § 10. In 1994, however, the legislature amended RCW 9.94A.142 to calculate the 10-year window following the offender's release from total confinement or ten years subsequent to the entry of the judgment and sentence, whichever period is longer. LAWS OF 1994, ch. 271, § 602. Again in 1997, the legislature amended this statute and added the following sentence: "Prior to the expiration of the initial ten-year period, the superior court may extend jurisdiction under the criminal judgment an additional ten years for payment of restitution." LAWS OF 1997, ch. 121, § 4. In 2001, RCW9.94A.142 was recodified as RCW 9.94A.753 by LAWS OF 2001, ch. 10, § 6. The amendments creating the current version of the statute are retrospective and do not violate ex post facto restrictions because they merely increase the total time that a defendant is subject to the restitution obligation and does not increase the quantum of punishment imposed in the restitution order. State v. Serio, 97 Wash. App. 586, 589, 987 P.2d 133 (1999); State v. Shultz, 138 Wash.2d 638, 643, 980 P.2d 1265 (1999). Mr. Olson does not dispute that the current version of the statute applies in this case.
[5] Former RCW 9.94A.030(17) (1985) will be recodified as RCW 9.94A.030(44) per the LAWS OF 2008, ch. 231, § 23, effective August 1, 2009.
[6] RCW 9.94A.850(3) provides: "Each of the commission's recommended standard sentence ranges shall include one or more of the following: Total confinement, partial confinement, community supervision, community restitution, and a fine."
[7] Sentencing Reform Act of 1981, chapter 9.94A RCW.