[No. 29967-8-III.   Division Three.   October 11, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK WILLIAM HAVENS, *Appellant*.

*Andrea Burkhart* (of *Burkhart & Burkhart PLLC*), for appellant.

*Gregory L. Zempel, Prosecuting Attorney*, and *Zera H. Lowe, Deputy*, for respondent.

¶1 KULIK, J. — The State has 10 years from (1) the date of the judgment and sentence or (2) the release from total confinement to collect legal financial obligations (LFOs) from an offender. But the State can move to extend the 10-year time period if it does so before the original 10-year time period expires.

¶2 Here, the record does not establish when Frank Havens was released from confinement. So we must use the date of the judgment and sentence as the starting point for the 10-year period. The order extending jurisdiction was

entered 2 months after the original 10-year time period expired. Therefore, we reverse this order and remand for dismissal of the LFOs.

## FACTS

¶3 On October 5, 1992, Frank Havens was found guilty of three counts of assault. At issue here is cause number 92-1-00094-5. For this crime, Mr. Havens was sentenced to 12 months in prison. The court ordered Mr. Havens to pay $610.00 in LFOs and set a restitution hearing for October 26. The court ordered Mr. Havens to pay restitution in the amount of $3,885.68.

¶4 In October 1999, the court issued a bench warrant for Mr. Havens for failing to make payments on his LFOs and for failing to report a change of address to the Department of Corrections.

¶5 On December 31, 2002, the trial court extended its jurisdiction for the LFOs for an additional 10-year period. During this time, Mr. Havens was on warrant status for failure to comply with the terms of his sentence. He did not appear at the hearing because he was in an Idaho prison. The court acknowledged that Mr. Havens may not have received notice of this order prior to its entry but entered the order.

¶6 On January 11, 2011, Mr. Havens moved to dismiss the extension order. He argued the order was 2 months beyond the 10-year period during which the court could extend the October 26, 1992 LFOs.

¶7 At a hearing on January 28, 2011, the State argued that the bench warrant issued in 1999 against Mr. Havens tolled the 10-year jurisdictional period. The trial court agreed. The court then issued a nunc pro tunc order that clarified the effect of Mr. Havens's absence from the December 31, 2002 hearing and extended jurisdiction over him for an additional 10-year period. This appeal followed.

## ANALYSIS

¶8 The Washington statute that governs the enforceability of LFOs provides in essential part:

[L]egal financial obligations for an offense committed prior to July 1, 2000, may be enforced at any time during the ten-year period following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period ends later. Prior to the expiration of the initial ten-year period, the superior court may extend the criminal judgment an additional ten years for payment of legal financial obligations including crime victims' assessments.

RCW 9.94A.760(4).

¶9 Washington's Supreme Court interpreted this statute in *State v. Gossage*, 165 Wn.2d 1, 195 P.3d 525 (2008). The court held that LFOs imposed on a criminal for an offense committed prior to July 1, 2000, will expire and become void after 10 years unless the court extends that time period prior to expiration. *Id.* at 8. The court stated that the language of the statute is plain and must be given effect. *Id.* at 7. The 10-year time period begins either at the entry of judgment and sentence or at the offender's release from total confinement, whichever is later. RCW 9.94A.760(4).

¶10 A statute with no language as to tolling provides for a single expiration date. *See In re Pers. Restraint of Sappenfield*, 138 Wn.2d 588, 593, 980 P.2d 1271 (1999). In other words, a statute such as RCW 9.94A.760 has an expiration date of either 10 years from the date of sentencing and judgment or 10 years from the date of release from total confinement for the crime committed. The statute at issue does not provide for tolling. *See* RCW 9.94A.760(4).

¶11 Here, the trial court sentenced Mr. Havens to 12 months in prison for cause number 92-1-00094-5. The court entered the judgment and sentence on October 5, 1992. On

December 31, 2002, the court extended its jurisdiction over Mr. Havens for an additional 10 years. In his motion to dismiss the LFOs, Mr. Havens argued that the order extending jurisdiction was entered over 10 years from the entry of the judgment and sentence. The trial court determined that a bench warrant for Mr. Havens tolled the period to extend jurisdiction and that the jurisdiction order was timely entered.

¶12 The State concedes that the trial court erred in concluding that tolling extended jurisdiction, but the State claims the error was harmless. The State contends that the order extending jurisdiction is still valid because it was filed within 10 years from Mr. Havens's release from incarceration.

¶13 A harmless error is one that is " 'trivial, or formal, or merely academic, and was not prejudicial to the substantial rights of the party assigning it, and in no way affected the final outcome of the case.' " *State v. Wanrow*, 88 Wn.2d 221, 237, 559 P.2d 548 (1977) (emphasis omitted) (quoting *State v. Golladay*, 78 Wn.2d 121, 139, 470 P.2d 191 (1970)).

¶14 The State asserts that Mr. Havens received a 12-month sentence and would have been released from total confinement about 1 year after the October 5, 1992 sentencing. Based on a release date of October 5, 1993, the court had until October 5, 2003, to extend jurisdiction. As such, the State maintains that the court's order of December 31, 2002, was timely.

¶15 The record is not sufficiently developed to address this new contention. The State did not present evidence at trial regarding the date of Mr. Havens's release from confinement. Nor does the record presented on appeal contain an exact date of Mr. Havens's release. Instead, the State relies on documents that cite Mr. Havens's anticipated date of release. The State also relies on two documents submitted pro se by Mr. Havens in which Mr. Havens admits to spending 12 months in prison on the cause

number at issue. Mr. Havens's admissions do not establish the date for release from confinement.

¶16 Thus, the date of the judgment and sentence is the only date certain to use when determining the 10-year period had expired. The 10-year period for Mr. Havens's LFOs started at the entry of the judgment and sentence on October 5, 1992, and expired prior to the entry of the court's order to extend jurisdiction on December 31, 2002. The court lacked the authority to extend its jurisdiction. This error is not harmless. Therefore, we remand for dismissal of Mr. Havens's LFOs.

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

¶17 Mr. Havens asserts his due process rights were violated because he was not indicted by a grand jury. Under the Washington Constitution article I, section 25, the State may prosecute an individual for offenses by either information or indictment. The Supreme Court found that this particular provision of the Washington Constitution is not repugnant to the Fifth Amendment to the United States Constitution. *State v. Nordstrom*, 7 Wash. 506, 508, 35 P. 382 (1893), *aff'd*, 164 U.S. 705, 17 S. Ct. 997, 41 L. Ed. 1183 (1896). Additionally, Washington courts have found that a grand jury indictment is not required to assure due process of the law. *See State v. Ng*, 104 Wn.2d 763, 774-75, 713 P.2d 63 (1985). The State was not required to indict Mr. Havens by grand jury. The State did not violate Mr. Havens's right to procedural due process.

¶18 Given our determination that the order extending the LFOs was in error, we need not address Mr. Havens's additional grounds for review.

¶19 We reverse the order extending the LFOs and remand for dismissal of the LFOs.

SWEENEY, J., concurs.

¶20 BROWN, J. (dissenting) — Considering RCW 9.94A-.760(4)'s instruction to allow an extension for enforcement of legal financial obligations "at any time during the ten-year period following the offender's release from total confinement," and considering Frank Havens's admission he spent 12 months in prison for this crime, Clerk's Papers at 22, 63, I would remand for the trial court to accurately determine the release date. Alternatively, I would affirm because the legislature clearly intended under these circumstances to authorize the trial court to extend jurisdiction, and because any error was harmless given the trial court intended to extend jurisdiction, albeit on other grounds. Therefore, I respectfully dissent.