## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 34009-1-III |
| STEPHEN EUGENE HARWOOD, | ) ) ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

KORSMO, J. — Stephen Harwood seeks relief from personal restraint in the form of collection of unpaid legal financial obligations (LFOs) imposed for his 2001 Grant County convictions of residential burglary and first degree theft. He contends the superior court lost jurisdiction to enforce payment of the LFOs because it did not extend the judgment within the 10-year period following his release from total confinement in April 2005. The State concedes Mr. Harwood's claim. We accept the State's concession and grant the petition.

### FACTS

On January 17, 2001, Mr. Harwood was convicted of two counts each of residential burglary and first degree theft under Grant County cause no. 00-1-00365-2. He committed all four crimes on May 25, 2000. The court imposed LFOs including a $500 victim assessment, $347 in court costs, and $33,953.83 in restitution. Mr. Harwood

was released from prison on the Grant County cause on April 25, 2005. He is currently

incarcerated on an unrelated 2010 Yakima County case. The Department of Corrections

continues to collect LFOs on the Grant County cause from his inmate account.

## DISCUSSION

Since Mr. Harwood is challenging a collection action for which he has not had a

prior opportunity for judicial review, he need only show that he is restrained under RAP

16.4(b) and that the restraint is unlawful under RAP 16.4(c). *In re Pers. Restraint of*

*Dalluge*, 162 Wn.2d 814, 817, 177 P.3d 675 (2008). He is under restraint due to

disability in the form of LFOs resulting from the judgment and sentence. RAP 16.4(b);

*see In re Pers. Restraint of Spires*, 151 Wn. App. 236, 240, 211 P.3d 437 (2009). A

petitioner may obtain relief by showing a violation of the laws of the State of

Washington. RAP 16.4(c)(2).

Mr. Harwood contends the superior court lost jurisdiction to enforce payment of

the LFOs under RCW 9.94A.753(4) and .760(4) because it did not extend the judgment

within 10 years following his release from total confinement in April 2005.

RCW 9.94A.753(4) governs certain restitution orders. It provides in pertinent

part:

> For the purposes of this section, for an offense committed prior to July 1,
> 2000, the offender shall remain under the court's jurisdiction for a term of
> ten years following the offender's release from total confinement or ten
> years subsequent to the entry of the judgment and sentence, whichever
> period ends later. Prior to the expiration of the initial ten-year period, the

2

superior court may extend jurisdiction under the criminal judgment an additional ten years for payment of restitution. . . . The county clerk is authorized to collect unpaid restitution at any time the offender remains under the jurisdiction of the court for purposes of his or her legal financial obligations.

RCW 9.94A.753(4).

RCW 9.94A.760(4) governs LFOs. It provides in pertinent part:

[A]ll other legal financial obligations for an offense committed prior to July 1, 2000, may be enforced at any time during the ten-year period following the offender's release from total confinement or within ten years of entry of the judgment and sentence, whichever period ends later. Prior to the expiration of the initial ten-year period, the superior court may extend the criminal judgment an additional ten years for payment of legal financial obligations including crime victims' assessments. . . . The county clerk is authorized to collect unpaid legal financial obligations at any time the offender remains under the jurisdiction of the court for purposes of his or her legal financial obligations.

RCW 9.94A.760(4).

Under the statutes' plain meaning, LFOs for pre-July 2000 offenses expire and become void after 10 years unless the superior court extends them for another 10 years prior to the expiration of the first period. *State v. Gossage*, 165 Wn.2d 1, 7-8, 195 P.3d 525 (2008); *Spires*, 151 Wn. App. at 244, 247; *see also In re Pers. Restraint of Sappenfield*, 138 Wn.2d 588, 594, 980 P.2d 1271 (1999) (restitution order becomes void and cannot be revived if court's jurisdiction lapses under the statute). These statutes apply to Mr. Harwood because he committed his crimes in May 2000. The State concurs that he was released from prison on April 25, 2005, and that the court did not extend the

3

judgment within 10 years of that date.[1]  The State therefore concedes Mr. Harwood's

LFOs became void and that his petition should be granted.  We accept the State's

concession.  The continued collection of the LFOs violates Washington law and

constitutes unlawful restraint that entitles Mr. Harwood to relief.  RAP 16.4(c)(2).

Petition granted; Mr. Harwood is relieved of the restitution and other LFOs

remaining on his 2001 judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Lawrence-Berrey, J.

---

[1] Mr. Harwood's subsequent reincarceration on another matter has no impact on the life of the expired 2001 LFO orders. *See Sappenfield*, 138 Wn.2d at 593-94.