IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 81819-8-I |
| JOSEPH ANTHONY QUINTANA | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

ANDRUS, C.J. — Joseph Quintana brought this personal restraint petition seeking to vacate legal financial obligations (LFOs) imposed in two separate criminal cases dating from 1998. In December 2021, the trial court terminated Quintana's obligation to pay LFOs in one case, rendering his claim as to that case moot. And because Quintana remains incarcerated under the judgment and sentence in the second case, the trial court retains the jurisdiction to enforce the LFOs imposed in that case. We thus deny his petition.

FACTS

Joseph Quintana, also known as Marvin Lee Vermillion, was convicted of first degree robbery and threats to bomb property after he robbed a downtown Seattle bank in 1998. State v. Vermillion, 112 Wn. App. 844, 849-50, 51 P.3d 188 (2002) (King County Superior Court cause number 98-1-05677-7 SEA). The judgment and sentence for this conviction is not before us, but both the State and

Quintana provided evidence that, as of January 2021, he had outstanding LFOs of $7,217 in this case.

Also in 1998, Quintana was charged and convicted of assault, kidnapping, burglary, and robbery in the first degree after he strangled and robbed a real estate agent in a West Seattle condominium. State v. Vermillion, noted at 116 Wn. App. 1042 *1 (2003) (King County Superior Court cause no. 98-1-08431-2 SEA). The trial court in that case sentenced Quintana to life in prison without the possibility of parole due to his persistent offender status. Id. Quintana's judgment and sentence in that case ordered that he pay a $500 victim penalty assessment, plus an unspecified amount in restitution.

The State concedes that Quintana completed his term of confinement under cause number 98-1-05677-7 SEA in 2009. In July 2010, the trial court entered an order extending its jurisdiction over the LFOs in both cases for an additional 10 years. Ten years later, in September 2020, Quintana filed this personal restraint petition seeking relief from the LFOs imposed in both cases. In December 2021, the trial court entered an order terminating the LFOs under cause number 98-1-05677-7 SEA only.

ANALYSIS

Quintana asks this court to vacate the restitution orders related to the judgments and sentences in both King County cause number 98-1-05677-7 SEA and cause number 98-1-08431-2 SEA.

Quintana's petition is moot as to cause number 98-1-05677-7 SEA. The State concedes that the trial court's jurisdiction to enforce the unpaid LFOs in that case ended in 2020 and the court terminated the LFOs in December 2021.

As to his second case, cause number 98-1-08431-2 SEA, Quintana is not entitled to termination of the LFOs. RCW 9.94A.760(5) provides that:

> [L]egal financial obligations for an offense committed prior to July 1, 2000, may be enforced at any time <u>during the ten-year period following the offender's release from total confinement</u> or <u>within 10 years of entry of the judgment and sentence, whichever period ends later</u>. Prior to the expiration of the initial ten-year period, the superior court may extend the criminal judgment an additional ten years for payment of LFOs including crime victims' assessments.

(Emphasis added). We have previously held the phrase "release from total confinement" is unambiguous. In re Pers. Restraint of Spires, 151 Wn. App. 236, 244-45, 211 P.3d 437 (2009). The trial court's jurisdiction to enforce LFOs

> begins with the imposition of sentence. It ends either 10 years later or 10 years after the offender's release from total confinement. . . . We conclude from this that the phrase 'release from total confinement' can only mean release from confinement for the crime for which restitution was ordered.

In re Pers. Restraint of Sappenfield, 92 Wn. App. 729, 736, 964 P.2d 1204 (1998). Quintana's release from total confinement on cause number 98-1-05677-7 SEA is not a release from total confinement under cause number 98-1-08431-2 SEA.

Quintana is currently incarcerated on a life sentence without the possibility of parole under cause number 98-1-08431-2 SEA. He has not been released from total confinement in that case and the court therefore retains the jurisdiction to

enforce the LFOs under RCW 9.94A.760(5).

We deny Quintana's personal restraint petition.

_Andrus, C.J._

WE CONCUR:

_Coburn, J._          _Mann, J._