# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF:<br><br>CHARLES WEBER, JR.,<br><br><br>Petitioner. | No. 87008-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Charles Weber, Jr., an inmate in the custody of the Washington State Department of Corrections (DOC), filed a personal restraint petition (PRP) challenging an infraction and related sanctions imposed following a prison disciplinary hearing and DOC's decision to terminate him from his position as a groundskeeper at Monroe Correctional Complex (MCC). Because DOC has expunged the challenged infraction, restored the resulting loss of good conduct time, and granted Weber's request to transfer to a different facility, this court can no longer provide effective relief as to Weber's claims. Accordingly, we dismiss his PRP as moot.

I

Weber's PRP describes three infractions: (1) a general infraction in violation of WAC 137-28-220(103), "[f]ailing to follow any oral/written orders, rules,

or policies not otherwise included in these rules"; (2) a general infraction for violation of WAC 137-28-220(055), "[d]amaging, altering, or destroying any item that is not the incarcerated individual's personal property, the value of which is less than ten dollars"; and (3) a serious infraction for violation of WAC 137-25-030(810), "[f]ailing to seek/maintain employment or training or maintain oneself financially, or being terminated from a work, training, education, or other programming assignment for negative or substandard performance." Each of these infractions has been resolved favorably to Weber. Following a disciplinary hearing, Weber was found not guilty of the WAC 103 infraction. While Weber was initially found guilty of the WAC 055 infraction, he successfully appealed the finding. And while Weber was initially found guilty of the WAC 810 infraction, DOC has since expunged this infraction from Weber's prison record and restored the good conduct time he lost as a result of the infraction.

In Weber's supplemental briefing, he also addresses DOC's decision to terminate him from his position as a groundskeeper at MCC. Weber was first terminated from this position following a Facility Risk Management Team (FRMT) review on June 28, 2024. DOC subsequently determined it had failed to provide Weber with adequate notice of this review. Accordingly, it conducted a new FRMT review—after providing adequate notice—on October 3, 2024. Following this review, the termination decision was upheld. Although Weber seeks reinstatement of this position at MCC, he has since requested a transfer from MCC to Washington Corrections Center (WCC). DOC granted this request, and Weber has been

incarcerated at WCC since August 2025 and has been accepted into other programming there following his most recent FRMT review.

II

In a PRP, the petitioner must generally show they are restrained under RAP 16.4(b) and the restraint is unlawful under RAP 16.4(c). *In re Pers. Restraint of Grantham*, 168 Wn.2d 204, 212-13, 227 P.3d 285 (2010). The petitioner bears the burden of proving that their restraint is unlawful by a preponderance of the evidence. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 814, 792 P.2d 506 (1990). When a petitioner seeks relief from discipline imposed as a result of a prison disciplinary hearing, as Weber does here, a court "will reverse a prison discipline decision only upon a showing that it was so arbitrary and capricious as to deny the petitioner a fundamentally fair proceeding so as to work to the offender's prejudice." *Grantham*, 168 Wn.2d at 215. "This is a heightened standard based on the particular type of executive action we are asked to review." *Id.*

Before we can reach the merits of Weber's PRP, we must determine whether, as DOC argues, we should dismiss Weber's PRP as moot. Although Weber was initially found guilty of the WAC 810 infraction, DOC has since expunged the infraction and restored the resulting loss of good conduct time. While the Court of Appeals has exclusive jurisdiction of Weber's PRP, court rules do not prevent DOC from providing an alternative remedy. *In re Pers. Restraint of Higgins*, 152 Wn.2d 155, 162-63, 95 P.3d 330 (2004). Expungement effectively and adequately addresses Weber's challenge to this infraction. *Id*. This court can no longer provide effective relief and any issue with respect to this infraction is now

moot. *In re Det. of Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). Accordingly, we dismiss Weber's PRP as to this infraction.

Nor can this court grant effective relief regarding Weber's claim that DOC arbitrarily and capriciously terminated him from his position as a groundskeeper at MCC. As noted, Weber seeks reinstatement of that position at MCC. Even if this court could grant such relief pursuant to a PRP (as opposed to granting a new review hearing because the previous FRMT review hearing was so arbitrary and capricious as to deny Weber a fundamentally fair proceeding), Weber has since requested transfer to WCC and DOC has granted that request. Given this transfer, which DOC granted at Weber's request, the court cannot provide effective relief with regard to reinstatement of Weber's position as a groundskeeper at MCC. Because this court can no longer provide such relief, we likewise dismiss as moot Weber's PRP as to this specific claim for relief.

Lastly, Weber has also requested various other forms of relief such as back pay for lost wages, restoration of custody points, and reinstatement of his one-person cell. It is unclear whether Weber still seeks this relief. But even if he does, these remedies are beyond the scope of relief of a PRP. In *In re Personal Restraint of Sappenfield*, 138 Wn.2d 588, 595, 980 P.2d 1271 (1999), for example, the court considered a PRP challenging DOC's collection of restitution payments from an offender after its authority to do so had expired. The court declined to order DOC to return the payments it had improperly collected because, under the PRP rules, appellate courts "can order only the removal of the illegal restraint." *Id.* at 591,

595.  Here too, this court cannot grant relief beyond the removal of the unlawful restraint.  Weber's various claims for additional relief thus fail.

PRP dismissed.

_Feldman, J._

WE CONCUR:

_Birk, J._